**Robert Louis FELDMAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 59921.**

Court of Criminal Appeals of Texas, Panel No. 1.

Jan. 31, 1979.

---

Danny Duane Pitzer, Dallas, for appellant.

Henry Wade, Dist. Atty., Steve Wilensky and Hugh Lucas, Jr., Asst. Dist. Attys., Dallas, for the State.

Before ONION, P. J., and PHILLIPS and TOM G. DAVIS, JJ.

## OPINION

ONION, Presiding Judge.

This is an appeal from an order revoking probation. On October 15, 1976 the appellant entered a plea of guilty in a bench trial to an indictment charging him with burglary of a building. The court assessed his punishment at three (3) years' imprisonment, but suspended the imposition of the sentence and placed the appellant on probation subject to certain conditions.

On December 8, 1977, the State filed an amended motion to revoke probation alleging that, among other things, appellant had violated his probationary conditions by failing to report monthly to the probation officer during the months of April and May, 1977 and by committing the offense of public intoxication.

On the same date, appellant entered a plea of "true" to the allegations in the amended motion and later made a judicial confession. The court found he had violated the conditions described above. He was sentenced on July 25, 1978 and gave notice of appeal.

On appeal he contends that the burglary indictment is fundamentally defective and he is entitled to challenge the same on appeal from the revocation order. See *Standley v. State,* 517 S.W.2d 538 (Tex.Cr. App.1975).

Omitting the formal parts, the indictment alleged that on or about September 4, 1976 the appellant "did unlawfully, knowingly and intentionally enter a building not then and there open to the public, without the effective consent of Robert A. Glick, the owner thereof, with intent to commit theft. . . ."

There was no motion to quash and the form tracks the statute of V.T.C.A., Penal Code, § 30.02, which is usually sufficient. *Baldwin v. State,* 538 S.W.2d 109 (Tex.Cr. App.1976). Appellant contends, however, that the term "effective consent" is vague and uncertain rendering the indictment fundamentally defective. He notes that "effective consent" is defined in V.T.C.A., Penal Code, § 1.07(12), as follows:

"'Effective consent' includes consent by a person legally authorized to act for the owner. Consent is not effective if:

"(A) induced by force, threat, or fraud;

"(B) given by a person the actor knows is not legally authorized to act for the owner;

"(C) given by a person who by reason of youth, mental disease or defect, or intoxication is known by the actor to be unable to make reasonable decisions; or

"(D) given solely to detect the commission of an offense."

Appellant argues that the State in alleging "without effective consent" must specify whether it is relying on (A) or (B) or (C) or (D) of said § 1.07(12). See and cf. V.T.C.A., Penal Code, § 31.01(4). Appellant cites no authority and we have found none. We conclude that the indictment is not fundamentally defective. An indictment for burglary need not allege which subsection of § 1.07(12) the State is relying upon. Cf. *Gonzales v. State,* 517 S.W.2d 785 (Tex.Cr. App.1975). When "without effective con-

sent" is alleged, the accused is put on notice that it could be for any of the reasons set forth in V.T.C.A., Penal Code, §§ 1.07(12) and 31.01(4).

Finding no abuse of discretion, the judgment is affirmed.