**Ex parte Robert Louis FELDMAN.**

**No. 62952.**

Court of Criminal Appeals of Texas, En Banc.

Feb. 6, 1980.

## OPINION

DOUGLAS, Judge.

This cause involves an application for a writ of habeas corpus filed pursuant to Article 11.07, V.A.C.C.P.

Feldman pled guilty on October 15, 1976, to burglary of a building. The court assessed punishment at three years, probated.

On December 8, 1977, he pled "true" to violations of two conditions of probation: that he "commit no offense against the laws of . . . the State of Texas;" and "that he report monthly to his probation officer." He also testified that he violated these provisions.

The court, after finding that Feldman had violated the terms of his probation, passed the hearing generally. The hearing was re-convened on July 25, 1978, and probation was revoked.

Feldman now contends that the court erred in passing the hearing and revoking at a later date.

Upon a finding of "true" to any allegation of violation of probation, the court has three choices. It can, in its sole discretion, immediately revoke probation. *Wise v. State*, 477 S.W.2d 578 (Tex.Cr.App. 1972). It can choose instead to continue probation, but if it does, then no further action may be taken based upon the violations already before the court. *Wallace v. State*, 575 S.W.2d 512 (Tex.Cr.App.1979); *Wester v. State*, 542 S.W.2d 403 (Tex.Cr. App.1976). Or, it can continue the *hearing,* *Traylor v. State*, 561 S.W.2d 492 (Tex.Cr. App.1978), keeping before it the violations already proven and permitting the careful consideration of mitigating or exacerbating circumstances, including the subsequent conduct of the probationer, before making a final decision whether to revoke.

The dissent considers use of the third course a violation of petitioner's due process rights, because the court retains the power to revoke solely in its discretion, rather than requiring a formal evidentiary hearing

· Robert Huttash, State's Atty., Austin, for the State.

722

upon new violations of conditions of probation.

A probation violator, if faced with a choice between immediate revocation and imprisonment and the postponement of final action, would in practically all cases choose the delay. He would consider himself to be "getting a break."

■ The instant case bears this out. The record is devoid of any indication that Feldman objected to the passing of the hearing. Nor is any motion on record seeking a speedy re-convening of the proceedings. It appears that Feldman, like the court, believed a continuance before the exercise of the court's discretion in deciding whether to revoke probation to be in his own best interests. We agree.

The relief sought is denied.

ONION, Presiding Judge, dissenting.

These proceedings involve a post-conviction application for writ of habeas corpus brought under the provisions of Article 11.-07, V.A.C.C.P.

Petitioner was convicted of burglary of a building on September 4, 1976, and his punishment was assessed at three (3) years, probated. Subsequently his probation was revoked on July 25, 1978 after his plea of "true" to the allegations in an amended revocation motion and his judicial confession. Sentence was imposed and notice of appeal was given. On appeal from the order revoking probation, appellant's sole contention was that the burglary indictment of the original or underlying conviction was fundamentally defective. For authority to raise such contention on appeal from a revocation order, he cited *Standley v. State*, 517 S.W.2d 538 (Tex.Cr.App.1975), and *Ramirez v. State*, 486 S.W.2d 373 (Tex.Cr.App. 1972). His contention was considered and overruled. See *Feldman v. State*, 576 S.W.2d 402 (Tex.Cr.App.1979).

In post-conviction habeas corpus proceedings, the appellant now contends the district court was without authority to revoke probation when it did under the circumstances of the case. The circumstances are somewhat unusual. At the revocation hearing on December 8, 1977, after the appellant pleaded "true" to the allegations of the revocation and made a judicial confession and after both sides apparently rested and closed, the record reflects:

"THE COURT: On the hearing on the motion to revoke probation, arraignment being waived and a plea of true to the motion, the evidence being presented, court finds the defendant has violated condition A and D, of the probation terms.

"This hearing is passed generally."

The docket sheet contains the notation:

"Dec 8 1977 Hearing on motion to revoke probation. Arraignment waived. Plea of true to motion. Evidence presented. Court finds that the Defendant has violated (a) and (d) of probation terms.

"Hearing passed generally—capias withdrawn."

On the same date (December 8th), a written order revoking probation was filed. It does not appear to have been signed by the trial judge until July 13, 1978. On July 14, 1978, a report of probation violation was filed with the court reflecting that the appellant had been arrested on July 13 and charged with passing a forged prescription. On the same date a capias was issued for appellant's arrest signed by the trial judge.

On July 25, 1978, about seven and one-half months after the revocation hearing, the appellant was brought before the court again and the trial judge recalled to him that on December 8, 1977 the court had found he had violated his conditions of probation. The record then reflects:

"THE COURT:—

"Now I am taking up the remainder of that hearing and finishing that very same hearing, and bringing that hearing to a conclusion at this time.

"The order heretofore entered in this cause, suspending the imposition of sentence and granting probation, is hereby revoked."

Another written order of revocation dated July 25, 1978 was filed and a file mark of July 25, 1978 was placed by the clerk on the first written order of revocation originally dated and filed December 8, 1977.

Sentence was imposed and notice of appeal was given.

Appellant argues that he was continued on probation on December 8, 1977, and that subsequently on July 25, 1978, without either a new motion to revoke or hearing his probation was revoked. He relies upon *Wester v. State*, 542 S.W.2d 403 (Tex.Cr. App.1976); *Wallace v. State*, 575 S.W.2d 512 (Tex.Cr.App.1979); and *Furrh v. State*, 582 S.W.2d 824 (Tex.Cr.App.1979).

Article 42.12, Sec. 8(a), V.A.C.C.P., provides in part:

"If the defendant has not been released on bail, on motion by the defendant the court shall cause the defendant to be brought before it for a hearing within 20 days of filing of said motion, and after a hearing without a jury, *may either continue, modify, or revoke* the probation. . . . If probation is revoked, the court may proceed to dispose of the case as if there had been no probation . . ." (Emphasis supplied.)

In *Wester, Wallace* and *Furrh*, the question presented was whether a trial court following a revocation hearing may continue a defendant on probation (although there is an adequate basis for revocation at the time) and then subsequently upon report of another violation of probation revoke probation without motion by the State and without a hearing and base the revocation upon the grounds shown at the earlier hearing. In these cases it was concluded that a court could not take such action.[1]

That is exactly what occurred in the instant case, and *Wester, Wallace* and *Furrh* should here control.

In *Traylor v. State*, 561 S.W.2d 492 (Tex. Cr.App.1978), after the revocation hearing and finding the allegations in the revocation motion to be true, the court expressly took the matter under advisement, releasing the defendant and then subsequently revoked probation after a new revocation motion had been filed alleging a violation of probationary conditions since the revocation hearing. The majority relies upon *Traylor*, and although I was the author of the panel opinion in *Traylor*, I would not hesitate to overrule *Traylor* if it can be used to justify the procedure here utilized.

The statute makes clear that the trial court, after a revocation hearing, may continue, modify or revoke probation. The court in the instant case did not revoke probation at the hearing on December 8, 1977, despite a revocation order being filed. The court did not modify the conditions of probation, but in effect continued the appellant on probation. The evidence was presented, the hearing was concluded, and the court made its findings as to the probationary violations. There were no reports to be awaited, no tests to be conducted on the appellant, etc. Although the hearing had been concluded, the court passed the concluded hearing generally, withdrew the capias, and released the appellant back into the community subject again to the probationary conditions. The court in effect continued the appellant just as if an order continuing the appellant on probation had been entered. While a trial judge may take a revocation matter under advisement, the guise of advisement may not be used to hold in abeyance a revocation until a report of a new probationary violation is made and accomplish what *Wester, Wallace* and *Furrh* condemn. See *Stanfield v. State*, 588 S.W.2d 945 (Tex.Cr.App.1979) (Dissenting Opinion).

1. In *Wester*, this Court wrote:

". . . it follows that when a revocation proceeding had been had and the defendant continued on probation in the discretion of the court (although there was an adequate basis for revocation demonstrated at the hearing), the continuation cannot subsequently be arbitrarily withdrawn at the whim of the trial court or upon mere fact of arrest. To hold otherwise would violate due process, due course of the law of the land and fundamental fairness."

I believe the principle of *Wester, Wallace* and *Furrh* was violated. For the reasons stated, I dissent.

ROBERTS, PHILLIPS and CLINTON, JJ., join in this dissent.