James Edward WASHINGTON,
Appellant,

v.

The STATE of Texas, Appellee.

No. 64076.

Court of Criminal Appeals of Texas,
Panel No. 2.

May 21, 1980.

Rehearing Denied Sept. 10, 1980.

David K. Chapman, San Antonio, court appointed, for appellant.

Bill M. White, Dist. Atty., Steven C. Hilbig and Alan E. Battaglia, Asst. Dist. Attys., San Antonio, Robert Huttash, State's Atty., Austin, for the State.

Before DOUGLAS, PHILLIPS and W. C. DAVIS, JJ.

## OPINION

PHILLIPS, Judge.

This is an appeal from a conviction for burglary of a vehicle pursuant to V.T.C.A. Penal Code, § 30.04. Punishment is imprisonment for four years.

In his sole ground of error appellant contends that the indictment is fundamentally defective.

The indictment in this case alleges that appellant:

. . . with intent to commit theft, [broke] and enter[ed] a vehicle, namely: ONE (1) TRAILER, without the effective consent of PAUL STANLEY, the owner thereof; . . .

V.T.C.A. Penal Code, § 30.04 provides in part:

(a) A person commits an offense if, without the effective consent of the owner, he breaks into or enters a vehicle or any part of a vehicle with intent to commit any felony or theft.

(b) For purposes of this section, "enter" means to intrude:

(1) any part of the body; or

(2) any physical object connected with the body.

Appellant takes the position that the method of entry into the vehicle is an element of the offense; hence the indictment must allege one of the two methods provided in § 30.04(b), supra. We disagree.

The elements of an offense under § 30.04 are:

(1) a person

(2) without the effective consent of the owner

(3) breaks into or enters a vehicle or any part of a vehicle

(4) with the intent to commit any felony or theft.

It is sufficient to allege these elements, without specifying under § 30.04(b) the type of entry made. Compare *Feldman v. State*, 576 S.W.2d 402 (Tex.Cr.App.1979)

(burglary indictment need not allege the specific subsection of V.T.C.A. Penal Code, § 1.07(a)(12) relied upon to show that entry was without effective consent); *Boney v. State*, 572 S.W.2d 529 (Tex.Cr.App.1978) (aggravated assault indictment need not allege the manner and means of committing the assault).

The indictment in this case alleges all the elements of the offense, and is not fundamentally defective.

The judgment is affirmed.