Carl Louis **MEACHUM**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 14–81–302CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Dec. 31, 1981.

Joseph E. Naron, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Houston, for appellee.

Before PAUL PRESSLER, MURPHY and SAM ROBERTSON, JJ.

SAM ROBERTSON, Judge.

This is an appeal from an order revoking appellant's probation. We affirm.

Appellant was indicted for aggravated robbery in violation of Texas Penal Code Ann. §§ 29.02(a)(2), 29.03(a)(2) (Vernon 1974), waived trial by jury, and pled guilty to a reduced charge of robbery. The court found him guilty and assessed punishment at eight years confinement and a fine of eight hundred dollars. Imposition of the sentence was suspended, and probation was granted.

On September 9, 1980, the state filed its motion to revoke probation, alleging that appellant had committed the offenses of resisting arrest and possession of a controlled substance. At a hearing on the motion, on October 27, 1980, appellant pled "not true," and evidence was presented. The trial court found that appellant violated the terms and conditions of his probation

by resisting arrest but postponed a decision as to any revocation and released appellant on his own recognizance, resetting the case for ninety days.

The state filed a second motion to revoke probation on December 23, 1980, alleging a new violation. No evidentiary hearing was held on this motion. On January 27, 1981, the court revoked probation based on the testimony and findings in the October 27, 1980 hearing.

Appellant here complains that he was denied an evidentiary hearing on the second motion to revoke, thus denying him due process of law. He argues that the court continued his probation after the October hearing and that any subsequent revocation should not have been based on allegations before the court at that hearing.

The court here was authorized to continue, modify, or revoke appellant's probation *or* to continue the hearing. Tex.Code Crim. Pro.Ann. art. 42.12 § 8(a) (Vernon 1979); *Ex Parte Feldman*, 593 S.W.2d 720 (Tex.Cr. App.1980). The record clearly indicates that her choice was the last of these. At the October hearing, the court found that appellant had violated his probation and postponed any decision as to revocation for ninety days. At the January hearing, the court referred to testimony and findings at the earlier hearing before revoking appellant's probation.

No reference was made to the state's second motion to revoke until sentencing, at which time appellant's first counsel withdrew and his present counsel raised the question of an evidentiary hearing on the second motion to revoke in the context of a request that sentencing be set forward to allow him time to prepare. The request was denied.

In short, at no time does the record reveal that the January revocation was based on anything but the evidence adduced at the October hearing.

The judgment is affirmed.

MURPHY, Justice, dissenting.

I respectfully dissent from the majority's opinion. The record reflects that at the October 27, 1980 hearing the court conditioned revocation of appellant's probation in the following manner:

The Court: All right, please stand up, Mr. Meachum. Carl Louis Meachum, on the evidence introduced herein, the court finds you did violate the terms and conditions of your probation in that on or about the 30th day of August of 1980 in Harris County, Texas you did then and there unlawfully and intentionally obstruct and prevent the arrest and search of you by J.H. Williams by use of force against Mr. Williams, knowing he was a police officer. However, I am not going to determine at this time whether or not I am going to revoke your probation or not. [sic] I am going to give you ninety days to see if you can clean your act up because if you can clean it up in ninety days and not get yourself in one ounce of trouble—I am talking about not so much as spitting on the sidewalk then you won't go to the penitentiary. [sic] You so much as spit on the sidewalk and you are going up for eight years I guarantee you. I am going to release you on recognizance and I am going to reset this case for ninety days.

In an order signed December 23, 1980, the court ordered filed the State's second motion to revoke probation. The court revoked probation at the hearing on January 27, 1981. No evidence was introduced. Counsel for appellant, who was substituted for trial counsel for purposes of appeal, complained of the procedure used by the court in revoking appellant's probation without any evidence that appellant had not "cleaned up his act."

The same concerns Judge Onion had in his dissenting opinion in *Ex parte Feldman* are germane to the case before us. *Ex parte Feldman*, 593 S.W.2d 720, 722–23 (Tex.Cr.App.1980). That case also involved a motion to revoke probation on which an initial hearing was held in December 1977. The court found the appellant had violated his probation and passed the hearing generally. Seven and one half months later, the

appellant was again brought before the court. At that second hearing the court stated it was "taking up the remainder of [the earlier hearing] and bringing that hearing to a conclusion." The court then proceeded to revoke probation.

Article 42.12 § 8(a) provides that at a hearing on a motion to revoke probation a trial court may continue, modify or revoke the probation. Tex.Code Crim.Pro. (Vernon 1980). Because the court in *Feldman* neither revoked nor modified the probation at the first hearing, its sole option under Article 42.12 was to continue that hearing, which intention the above quoted language from that case reflects.

The record in the case before us appears to reflect that same intention, i.e., the court continued the appellant on probation just as if the court had entered an order continuing the appellant on probation. I believe, as did the four dissenting justices in *Ex Parte Feldman*, that taking a revocation matter under advisement or continuing probation should not result in summary revocation of probation without the introduction of evidence supporting that action.

From a review of the record in this case, I would find the court continued appellant's probation, and due to the manner in which the court imposed conditions upon revocation of appellant's probation, the proper procedure for the court at the second hearing should have been to hear evidence.