Wilson **PALMER**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 05-84-00557-CR.

Court of Appeals of Texas, Dallas.

Jan. 14, 1985.

R.K. Weaver, Dallas, for appellant.

Karen Chilton Beverly, Asst. Dist. Atty., Dallas, for appellee.

Before STEPHENS, WHITHAM and GUILLOT, JJ.

GUILLOT, Justice.

Wilson Palmer appeals his conviction for burglary of a habitation. In two grounds of error he contends: (1) that the indictment is fundamentally defective because it is vague on the element of "without effective consent;" and (2) that TEX.PENAL CODE ANN. § 30.02 (Vernon 1974), as interpreted by the Court of Criminal Appeals, is unconstitutionally vague. We disagree with both contentions. Consequently, we affirm.

Palmer's first contention is that because the indictment fails to set out how consent in this cause was ineffective, it is fundamentally defective. It is by now well-settled that when an indictment alleges "without effective consent," the defendant is given sufficient notice that consent was lacking for any of the reasons set out in TEX.PENAL CODE ANN. § 1.07(a)(12) (Vernon 1974). *Feldman v. State*, 576 S.W.2d 402 (Tex.Crim.App.1979). The rule is that an indictment need not plead evidence relied on by the state, only the facts essential to give notice. *Thomas v. State*, 621 S.W.2d 158, 161 (Tex.Crim.App.1981). Further, this indictment alleges that the entry was without effective consent as "no assent in fact was given by the owner." We find no merit to this ground of error; therefore, we overrule it.

Palmer next contends that *Thomas*, 621 S.W.2d 158, renders TEX.PENAL CODE ANN. § 30.02 (Vernon 1974) unconstitutionally vague and ambiguous. Actually, *Thomas* interprets § 31.01(4), the theft statute, but the definition of "without effective consent" contained therein is virtually the same as the definition in § 1.07(a)(12) applicable to § 30.02, the burglary statute. The court held that the term "effective consent" is neither vague nor indefinite simply because it is statutorily defined. *Thomas*, 621 S.W.2d at 164.

The definition is "purely evidentiary" of, not an element of, the offense. *Thomas*, 621 S.W.2d at 161. Appellant urges us to hold that the Court of Criminal Appeals' decision, in particular footnote 2, renders an otherwise valid statute unconstitutionally vague and ambiguous. The footnote provides in part: "Section 31.01(4) negating effective consent is not to be interpreted as an exhaustive list."

This court recently decided this issue as to section 31.01(4) in *Tovar v. State*, No. 83–881 (Tex.App.—Dallas, November 16, 1984, pet. filed) (not yet reported). We find that the reasoning in that case is equally applicable to the challenge to section 30.02.

> In order to be unconstitutionally vague and ambiguous, appellant must demonstrate that persons of common intelligence would necessarily guess at the meaning of the negation of effective consent and differ as to its application. *Papachristou v. City of Jacksonville*, 405 U.S. 15 [156], 162 [92 S.Ct. 839, 843, 31 L.Ed.2d 110] (1972); *Ahearn v. State*, 588 S.W.2d 327, 338 (Tex.Crim.App.1979). A statute is vested with a presumption of validity; the presumption obtains until the contrary is shown beyond a reasonable doubt. *Ex parte Granviel*, 561 S.W.2d 503, 515 (Tex.Crim.App.1978). It is well settled that a statute is not rendered unconstitutionally vague merely because the words or terms are not specifically defined. *Ahearn*, 588 S.W.2d at 338."

*Tovar v. State*, No. 83–881. This presumption of validity has not been overcome. We overrule this ground of error.

The judgment of the trial court is affirmed.