In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-01-00128-CR


______________________________




JOSHUA O'KEITH FLUELLEN, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 124th Judicial District Court


Gregg County, Texas


Trial Court No. 26835-B




 




Before Cornelius, C.J., Grant and Ross, JJ.


Opinion by Chief Justice Cornelius



O P I N I O N



 Joshua O'Keith Fluellen pleaded guilty, as part of a plea bargaining agreement, to aggravated
robbery. The trial court deferred a finding of guilt and placed Fluellen on ten years' community
supervision. The State later filed a motion to adjudicate Fluellen's guilt, alleging he committed
eleven violations of the terms of his supervision. Fluellen pleaded not true to each of the allegations. 
The trial court found the allegations true, found Fluellen guilty, and sentenced him to fifty years'
imprisonment.

 Except in certain narrowly defined circumstances, see Nix v. State, 65 S.W.3d 664 (Tex.
Crim. App. 2001), if Fluellen wished to appeal issues arising from the original plea proceeding in
an appeal taken from that proceeding, he must have done so at that time. Manuel v. State, 994
S.W.2d 658, 661-62 (Tex. Crim. App. 1999). Nix addressed the void judgment exception, which
recognizes there are some rare situations in which a trial court's judgment is accorded no respect due
to a complete lack of power to render the judgment in question. Nix v. State, 65 S.W.3d 664. The
judgment, being a nullity, may be attacked at any time. 

 In the absence of facts constituting a void judgment in the present case, we are without
jurisdiction to consider an appeal from the original plea proceeding because Fluellen is appealing
after his community supervision had been revoked and his guilt formally adjudicated. Manuel v.
State, 994 S.W.2d at 662. In addition, we are without jurisdiction to consider issues regarding the
proceeding at which his adjudication of guilt was formally made. Connolly v. State, 983 S.W.2d
738, 741 (Tex. Crim. App. 1999); Cooper v. State, 2 S.W.3d 500, 502 (Tex. App.Texarkana 1999,
pet. ref'd). However, Fluellen may appeal issues related to his sentencing. (1) Tex. Code Crim. Proc.
Ann. art. 42.12, § 5(b) (Vernon Supp. 2002).

 Fluellen contends the trial court erred in failing to order preparation of a presentence
investigation (PSI) report. However, the record shows the trial court ordered preparation of a PSI
report at Fluellen's request. 

 Fluellen also contends his fifty-year sentence is disproportionate to the offense. Fluellen was
convicted of aggravated robbery, a first-degree felony. Tex. Pen. Code Ann. § 29.03(b) (Vernon
1994). A first-degree felony is punishable by imprisonment for life or for not more than ninety-nine
years  or  less  than  five  years.  Tex.  Pen.  Code  Ann.  §  12.32(a)  (Vernon 1994).  Thus,
Fluellen's fifty-year sentence is near the midpoint of the sentencing range.

 Texas courts have traditionally held that as long as the punishment is within the range
prescribed by the Legislature in a valid statute, the punishment is not excessive, cruel, or unusual. 
See, e.g., Jordan v. State, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973). However, in Jackson v.
State, 989 S.W.2d 842, 845 (Tex. App.Texarkana 1999, no pet.), this Court recognized that a
prohibition against grossly disproportionate punishment survives under the Eighth Amendment apart
from any consideration of whether the punishment assessed is within the range established by the
Legislature. See also Latham v. State, 20 S.W.3d 63, 68-69 (Tex. App.Texarkana 2000, pet. ref'd).

 A court's proportionality analysis under the Eighth Amendment should be guided by (1) the
gravity of the offense and the harshness of the penalty; (2) the sentences imposed on other criminals
in the same jurisdiction; and (3) the sentences imposed for commission of the same crime in other
jurisdictions. Solem v. Helm, 463 U.S. 277, 292, 103 S.Ct. 3001, 77 L.Ed.2d 637, 650 (1983). Only
if we infer that the sentence is grossly disproportionate to the offense will we then consider the
remaining factors of the Solem test and compare the sentence received to sentences for similar crimes
in the same jurisdiction and to sentences for the same crime in other jurisdictions. McGruder v.
Puckett, 954 F.2d 313, 316 (5th Cir. 1992); see also Davis v. State, 905 S.W.2d 655, 664-65 (Tex.
App.Texarkana 1995, pet. ref'd).

 Fluellen did not present this issue to the trial court; therefore, he did not preserve it for our
review. Tex. R. App. P. 33.1(a); Jackson v. State, 989 S.W.2d at 844. Even if Fluellen's contention
had been preserved, there is no evidence in the record comparing the sentences imposed on persons
in Texas with sentences imposed against defendants in other jurisdictions who committed a similar
offense. See Latham v. State, 20 S.W.3d at 69; Davis v. State, 905 S.W.2d at 664-65.

 Fluellen also contends the trial court sentenced him based on factors other than the offense
for which he was convicted. Specifically, he contends the trial court sentenced him based on his
conduct after he was placed on community supervision. However, the court may properly consider
evidence adduced at the punishment hearing following adjudication of the defendant's guilt. See
Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a)(1) (Vernon Supp. 2002); Earley v. State, 855 S.W.2d
260, 262 (Tex. App.-Corpus Christi 1993), pet. dism'd, 872 S.W.2d 758 (Tex. Crim. App. 1994);
Jefferson v. State, 803 S.W.2d 470, 472 (Tex. App.-Dallas 1991, pet. ref'd); Howard v. State, 830
S.W.2d 785, 787-88 (Tex. App.-San Antonio 1992, pet. ref'd) (citing Fielding v. State, 719 S.W.2d
361, 368 (Tex. App.-Dallas 1986, pet. ref'd));   see  also  4   Texas  Criminal  Practice  Guide
§ 82.02[3][e] (Matthew Bender & Co. ed., 2000).

 Fluellen cites Ex parte Feldman, 593 S.W.2d 720 (Tex. Crim. App. 1980), overruled, Rogers
v. State, 640 S.W.2d 248, 255 n.11 (Tex. Crim. App. [Panel Op.] 1981) (op. on reh'g); Furrh v. State,
582 S.W.2d 824 (Tex. Crim. App. 1979) (op. on reh'g); Wallace v. State, 575 S.W.2d 512 (Tex.
Crim. App. 1979); and Wester v. State, 542 S.W.2d 403 (Tex. Crim. App. 1976), but these cases do
not support his contention. In fact, none of these cases pertains to the sentence a defendant receives
after his community supervision has been revoked.

 Feldman held it was not a violation of a defendant's due process rights for the trial court to
continue the revocation hearing to a later date after finding the defendant violated a condition of his
or her community supervision. Ex parte Feldman, 593 S.W.2d at 721. Wester held a trial court
cannot, after finding the defendant violated a term of his or her community supervision and
continuing the defendant on community supervision, later revoke community supervision arbitrarily
or on the mere fact of a new arrest. Wester v. State, 542 S.W.2d at 405. Furrh and Wallace held the
trial court must find evidence of a new violation before revoking the defendant's community
supervision, where the trial court previously found the defendant violated the terms of his
community supervision and afterward modified its terms. Furrh v. State, 582 S.W.2d at 827;
Wallace v. State, 575 S.W.2d at 514-15.

 In this case, the trial court revoked Fluellen's community supervision after finding he
committed three additional offenses as well as eight other violations of the terms of his community
supervision. Thus, the trial court acted in accord with cases such as Feldman, Furrh, Wallace, and
Wester. In addition, the trial court was entitled to consider these violations in formulating Fluellen's
sentence.

 The judgment is affirmed.

 

 William J. Cornelius

 Chief Justice


Date Submitted: February 7, 2002

Date Decided: March 14, 2002


Publish
1. By letter, we informed Fluellen of our conclusion that our jurisdiction is limited in this case
and instructed him that if he disagreed with our conclusion, he should address the matter in his brief
on appeal. Fluellen takes issue with our communication, contending such a letter could discourage
litigants from making good faith attempts to modify existing law and demonstrates our
predisposition to decide the issue of our jurisdiction adversely to him. We think, to the contrary, a
letter such as the one sent to Fluellen allows appellants to concentrate their efforts on addressing the
jurisdictional hurdles confronting them in appeals from the revocation of deferred adjudication
community supervision, rather than merely raising issues this Court is without jurisdiction to
consider. It does not, as Fluellen contends, indicate a predisposition to resolve jurisdictional
challenges against him; rather, it establishes the terms on which such a challenge could be made.



BR1">
Cantu v. State, 939 S.W.2d 627, 637 (Tex. Crim. App. 1997); Lindsay v. State, No. 14-01-01234-CR, 2003 WL 548501, at *3 n.1 (Tex. App.-Houston [14th Dist.] Feb. 27, 2003, pet. filed).

2. This is not a victim impact statement as contemplated under Tex. Code Crim. Proc. Ann.
art. 56.03 (Vernon Supp. 2003) and was not offered as such.