COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS




CHRISTOPHER MICHAEL WARD,


 Appellant,


v.



THE STATE OF TEXAS,


 Appellee.
§


 


§


 


§


 


§


 


§


 


 § 


No. 08-06-00103-CR



Appeal from the


144th Judicial District Court


of Bexar County, Texas 


(TC# 2004CR1491) 



O P I N I O N


 Christopher Michael Ward appeals the revocation of his community supervision and
sentence of a prison term of 4 years and a fine of $1,200. In one issue, he contends that the trial
court abused its discretion in revoking his probation and sentencing him to the full four-year
prison term. We affirm.

 On February 10, 2005, Mr. Ward entered a plea of nolo contendere to the offense of
failure to comply with the registration requirements of the Sex Offender Registration Program,
Chapter 62, Texas Code of Criminal Procedure. Tex.Code Crim.Proc.Ann. art. 62.10(b)(2). (1) 
Pursuant to a plea agreement, punishment was assessed at four years in prison and a $1,200 fine,
probated for five years.

 On January 9, 2006, the State filed a motion to revoke Mr. Ward's probation, alleging
that he violated four conditions of his probation: using marijuana; using cocaine; failing to
attend narcotics anonymous three times per week; and failing to comply with the instructions of
his counseling service provider. Mr. Ward pled true to these allegations, but contended that
family obligations and household chores interfered with his ability to attend the classes required
as conditions of his probation. The trial court revoked Mr. Ward's probation and sentenced him
to four years in prison and a $1,200 fine.

 In reviewing a trial court's decision to revoke probation, the only question presented on
appeal is whether the trial court abused its discretion. Garrett v. State, 619 S.W.2d 172, 174
(Tex.Crim.App. 1981); Gordon v. State, 4 S.W.3d 32, 35 (Tex.App.--El Paso 1999, no pet.). A
trial court's discretion to revoke probation is substantially absolute. Flournoy v. State, 589
S.W.2d 705, 708 (Tex.Crim.App. 1979); Gordon, 4 S.W.3d at 35. Upon a finding of "true" to
any allegation of violation of probation, the trial court can, in its sole discretion, immediately
revoke probation. Ex parte Feldman, 593 S.W.2d 720, 721 (Tex.Crim.App. 1980).

 Mr. Ward contends that given his mitigating circumstances, the trial court's decision to
revoke his probation and impose the full sentence was so clearly wrong as to lie outside the zone
within which reasonable persons might disagree. Montgomery v. State, 810 S.W.2d 372, 391
(Tex.Crim.App. 1990)(op. on reh'g). As stated in Flournoy, however, the only legitimate
question on appeal is whether or not there was an abuse of discretion in the trial court, and
"[w]hen the proceedings are regular and the violation is properly proven, the question answers
itself." Flournoy, 589 S.W.2d at 709; see also Gordon, 4 S.W.3d at 35.

 In this case, Mr. Ward readily admitted four violations of his probation. The decision to
revoke Mr. Ward's probation and to sentence him to the full four year prison term was within the
discretion of the trial court. The trial court did not err in revoking Mr. Ward's probation or in
imposing the full sentence. His only issue for review is overruled.

 We affirm the trial court's judgment.



August 9, 2007

 DAVID WELLINGTON CHEW, Chief Justice


Before Chew, C.J., McClure, and Carr, JJ.


(Do Not Publish)
1. This statute was in effect at the time of Appellant's indictment, but was amended by the
Acts of 2005, 79th Leg., R.S., ch. 1008, § 1.01, 2005 Tex.Gen.Laws 3385, 3407.