

## NUMBER 13-16-00187-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

TAMRA VENYSE GORDON, Appellant,

v.

THE STATE OF TEXAS, Appellee.

**On appeal from the County Criminal Court at Law No. 1 of Harris County, Texas.**

## MEMORANDUM OPINION

**Before Justices Rodriguez, Benavides, and Perkes**
**Memorandum Opinion by Justice Rodriguez**

Appellant Tamra Venyse Gordon was charged by information with the offense of criminal trespass. *See* TEX. PENAL CODE ANN. § 30.05 (West, Westlaw through 2015 R.S.). Gordon moved to quash the information, complaining that it failed to properly allege an element of the offense: that Gordon acted "without effective consent." The trial court denied her motion, and Gordon pleaded guilty while reserving the right to appeal

the denial of her motion to quash.[1]   By one issue on appeal, Gordon argues that the information was deficient as a matter of law.[2]   We affirm.

## I.   BACKGROUND

The State set out the basis of its charge as follows:   On June 27, 2015, Gordon arrived at the Eagle Trace Retirement Community in Houston, Texas.   She represented herself as a member of Visiting Angels, a non-profit organization.   Gordon gained access to the facility based on this representation.   Once inside, Gordon entered an apartment belonging to August and Mary Look.   August found Gordon in his living room, looking around.   When August demanded an explanation, Gordon gave an excuse.   August directed Gordon to leave.   When August was later presented with a photo array of possible suspects, he identified Gordon as the intruder, albeit with some dubiety.

Tammy Brown of the Eagle Trace Retirement Community contacted Visiting Angels, who confirmed that Gordon had not worked for the organization for over eighteen months.   Brown filed an affidavit and sought to have Gordon charged with criminal trespass.   The State filed an information, which alleged:

> that in Harris County, Texas, Tamara Venyse Gordon, hereafter styled the Defendant, heretofore on or about June 27, 2015, did then and there unlawfully and with notice that entry was forbidden, intentionally and knowingly enter and remain on the property of another, namely, Tammy Brown without the effective consent of Tammy Brown.

---

[1] Pursuant to a plea bargain, Gordon pleaded guilty to a Class B misdemeanor and received deferred adjudication.   *See* TEX. PENAL CODE ANN. § 30.05 (West, Westlaw through 2015 R.S.).   Gordon was to be placed on community supervision for seven months and to pay a fine of $250.00.

[2] This case is before the Court on transfer from the Fourteenth Court of Appeals pursuant to a transfer order issued by the Supreme Court of Texas.   *See* TEX. GOV'T CODE ANN. § 73.001 (West, Westlaw through 2015 R.S.).   Because this is a transfer case, we apply the precedent of the Fourteenth Court of Appeals to the extent it differs from our own.   *See* TEX. R. APP. P. 41.3.

Gordon moved to quash the information. The trial court denied Gordon's motion. Gordon pleaded guilty, and this appeal followed.

## II. MOTION TO QUASH THE INFORMATION

On appeal, Gordon argues that the trial court erred in denying her motion to quash. Gordon argues that the information failed to correctly allege the element of effective consent. Gordon contends that the allegation "without the effective consent of Tammy Brown" neglects the possibility that Gordon might have had effective consent based on permission from a duly authorized employee or perhaps a resident of the facility. According to Gordon, the information should have instead alleged that Gordon acted "without effective consent" in order to track the language of the statute and to encompass other potential sources of consent. In the absence of such an open-ended allegation, Gordon argues, the information is fatally defective.

### A. Standard of Review and Applicable Law

We review a trial court's decision to deny a motion to quash an indictment under a de novo standard of review. *Lawrence v. State*, 240 S.W.3d 912, 915 (Tex. Crim. App. 2007) *cert. denied*, 553 U.S. 1007 (2008); *see Smith v. State*, 309 S.W.3d 10, 13–14 (Tex. Crim. App. 2010); *see also State v. Balandrano*, No. 13-13-00536-CR, 2015 WL 5136453, at *2 (Tex. App.—Corpus Christi Aug. 31, 2015, no pet.) (mem. op., not designated for publication) (applying a de novo standard to review a motion to quash an information). A criminal defendant has a constitutional right to notice, which requires that an indictment must be "specific enough to inform the accused of the nature of the accusation against him so that he may prepare a defense." *Lawrence*, 240 S.W.3d at 916; *see State v. Laird*, 208 S.W.3d 667, 669 (Tex. App.—Fort Worth 2006, no pet.)

3

(applying this notice requirement to an information). The inquiry must be whether the charge, in writing, furnished the required information in plain and intelligible language. *Riney v. State*, 28 S.W.3d 561, 565 (Tex. Crim. App. 2000).

An indictment tracking the language of the statute will generally satisfy constitutional and statutory requirements, subject to rare exceptions. *Smith*, 309 S.W.3d at 14. However, "it is not necessary to use the exact language of the statute" so long as "the substituted words . . . convey the same meaning or include the sense of the statutory word." *State v. Kinsey*, 861 S.W.2d 383, 384 (Tex. Crim. App. 1993) (en banc); *see* TEX. CODE CRIM. PROC. ANN. art. 21.17 (West, Westlaw through 2015 R.S.).

A person commits the offense of criminal trespass if the person enters or remains on or in the property of another without effective consent and the person had notice that the entry was forbidden. TEX. PENAL CODE ANN. § 30.05. "Effective consent" includes consent by a person legally authorized to act for the owner. *Id.* § 1.07(a)(19) (West, Westlaw through 2015 R.S.); *State v. Villarreal*, 476 S.W.3d 45, 57 (Tex. App.—Corpus Christi 2014), *aff'd*, 475 S.W.3d 784 (Tex. Crim. App. 2014), *cert. denied*, 136 S.Ct. 2544 (2016). Consent is not effective if it is induced by fraud. TEX. PENAL CODE ANN. § 1.07(a)(19). "It is by now well-settled that when an indictment alleges 'without effective consent,' the defendant is given sufficient notice that consent was lacking for any of the reasons set out in [Texas Penal Code section 1.07(a)(19)]." *Palmer v. State*, 686 S.W.2d 645, 646 (Tex. App.—Dallas 1985, no pet.); *see* TEX. PENAL CODE ANN. § 1.07(a)(19); *Feldman v. State*, 576 S.W.2d 402, 403 (Tex. Crim. App. [Panel Op.] 1979).

## B. Analysis

When comparing the statute's language "without effective consent" with the State's

allegation that Gordon committed her act "without the effective consent of Tammy Brown," "common sense dictates that the latter is merely descriptive of the former." *See Kinsey*, 861 S.W.2d at 384; *see also* TEX. PENAL CODE ANN. § 30.05. These substituted words convey the same meaning as the statutory words, given that the same sentence in the information ascribed Brown as the person with authority to grant consent. *See Kinsey*, 861 S.W.2d at 384. Under *Feldman* and *Palmer*, this language necessarily gave Gordon sufficient notice that consent was lacking for any of the reasons set out in section 1.07(a)(19), which includes effective consent by an agent of Brown. *See Feldman*, 576 S.W.2d at 403; *Palmer*, 686 S.W.2d at 646. On its face, the charging information gives notice of a complete set of facts corresponding to criminal trespass which, if proven beyond a reasonable doubt, would have shown the offense of criminal trespass. *See Lawrence*, 240 S.W.3d at 916; *Laird*, 208 S.W.3d at 669.

It is true that the State appears to have alleged that Brown was the sole potential source of effective consent. Gordon asks us to consider hypothetical evidence which might show this allegation to be false—for instance, what if a resident of the facility had a right to grant her consent and had granted consent? In effect, Gordon urges us to engage in a variance-review-by-hypothetical. We decline to do so. A pre-trial proceeding should not be a "mini-trial" on the sufficiency of the evidence to support an element of the offense. *Lawrence*, 240 S.W.3d at 916. This rule is perhaps more acute when the motion to quash addresses evidence that does not appear in the record and may not even exist. *See Salazar v. State*, No. 05-96-00820-CR, 1997 WL 427053, at *3 (Tex. App.—Dallas July 31, 1997, no pet.) (not designated for publication) (declining to consider a defendant's legal sufficiency issue because it was premised on weighing

"hypothetical evidence" rather the evidence in the record).

Contrary to Gordon's assertion, our holding does not invert the burden of proof by requiring her to prove the presence of consent beyond a reasonable doubt. Rather, under the facts alleged in the information, it would be Gordon's goal to create a reasonable doubt as to whether she had effective consent to enter or remain on the property. Gordon might have achieved this goal by actually producing the hypothetical evidence which she urges here: proof creating a reasonable doubt as to whether an agent of Brown had granted consent; or proof that Brown was not the sole possible source of effective consent, and that someone else at the facility had validly granted consent. We need not decide whether, by including the phrase "without the effective consent of Tammy Brown," the State committed itself to prove beyond a reasonable doubt that Brown was the sole potential source of consent. *See*, *e.g.*, *Langston v. State*, 855 S.W.2d 718, 721 (Tex. Crim. App. 1993) (en banc) (discussing whether, in an information for criminal trespass, the State's specific allegations committed the State to prove those specific allegations); *see also Cornwell v. State*, 471 S.W.3d 458, 467 (Tex. Crim. App. 2015) (summarizing Texas law regarding material variance). Such an issue is beyond the scope of this appeal. *See* TEX. R. APP. P. 47.1. We simply note that the phrase in question armed Gordon with an evidentiary argument, had the case gone to trial. *See Langston*, 855 S.W.2d at 720; *Cornwell*, 471 S.W.3d at 467.

Having found that the information gave adequate notice and having addressed Gordon's other arguments, we conclude that the information was not deficient as a matter of law, as Gordon argues. See *Lawrence*, 240 S.W.3d at 916; *Kinsey*, 861 S.W.2d at 384; *see also Feldman*, 576 S.W.2d at 403. Based on our de novo review, we conclude

that the trial court did not err in denying Gordon's motion to quash.  *See Smith*, 309 S.W.3d at 14; *Lawrence*, 240 S.W.3d at 915.

We overrule Gordon's sole issue on appeal.

### III.  CONCLUSION

We affirm the judgment of the trial court.

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
2nd day of September, 2016.

7