Frank WATSON, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 40598.

Court of Criminal Appeals of Texas.

Oct. 4, 1967.

G. Ben Bancroft, San Antonio, for appellant.

James E. Barlow, Dist. Atty., Charles T. Conaway, Asst. Dist. Atty., San Antonio, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

BELCHER, Judge.

The appellant, represented by counsel, was convicted upon his plea of guilty and waiver of a trial by jury of passing a forged instrument, and his punishment was assessed at two years.

It is insisted that the evidence introduced by the state is insufficient to support a conviction on the ground that it fails to show that the appellant knew the check was forged at the time it was passed.

The statement of facts reveals that the appellant personally and by counsel in open court, waived in writing the appearance, confrontation and cross-examination of the witnesses Clyde E. Moffett and Mabel Barbieri. The appellant stipulated in writing that if said witnesses testified, each would testify in accordance with his respective affidavit, which were introduced in evidence without objection. He further stipulated that he was the same person charged in the indictment, and that the allegations therein charging the offense of passing as true a forged instrument were true and correct, and that the acts alleged occurred in Bexar County, Texas. He also agreed in writing and under oath that all stipulations entered into were true and correct.

The affidavit of Clyde E. Moffett reveals that he identified the check attached thereto which bore the name and signature of Clyde E. Moffett as maker and marked it for identification by placing his initials thereon; that the signature on said check was not written or authorized by him and was a forgery. The check introduced in evidence bears the same description as the one described in Moffett's affidavit, and as described in the indictment.

The affidavit of Mabel Barbieri reveals that a man gave her a $50 check while she was engaged as a cashier at a store; that the check exhibited to her while making the affidavit was identified by her as the

same check which was passed to her for $50 in money, and she marked the check for identification by placing her initials thereon; that she took the photograph accompanying the check at the time she cashed it; that the man appearing in the photograph was the same man who signed the name Gilbert Pena on said check and passed it to her; that said check was returned by the drawee bank marked "Signature does not agree with the one on file"; and that she could identify Frank Watson as the same person who gave her the check.

The appellant did not testify or offer any evidence in his behalf.

In entering his plea of guilty and during the trial, the appellant orally and in writing admitted that his true name was Frank Watson, Jr. The check was payable to Gilbert Pena, and it was signed Gilbert Pena by the person passing it to Mabel Barbieri, and after it was so signed in her presence she cashed it; and that on the date of her affidavit, she could then identify Frank Watson as the person who gave her the check.

■ The possession of a forged check, the unauthorized signing by the appellant of another person's name on it, and then passing it for face value in money is sufficient to warrant the conclusion that the appellant knew the check was a forgery. The facts and circumstances in evidence are sufficient to support the conviction. Even if this were not so, we observe that the written stipulation of the appellant that all the allegations of the indictment were true and correct was under oath and was introduced into evidence.

The proceedings appear to be regular and in compliance with Arts. 1.13 and 1.15 Vernon's Ann.C.C.P., relating to pleas of guilty before the court in non-capital felony cases.

■ Error is also urged on the ground that the trial court considered, as a basis for denying appellant's application for probation, a charge against him which was dismissed by the state.

At the beginning of his trial on March 23, 1967, the appellant filed a written application requesting that he be granted probation.

Upon the call of this case for trial the following transpired:

"The Court: You are Frank Watson, Jr.?

"Defendant: Yes, sir.

"The Court: You are the same Frank Watson, Jr., that was charged in this Court with another offense in which this same lawyer, Mr. Ben Bancroft, was appointed to represent you, is that correct?

"Defendant: Yes, sir.

"The Court: I believe at that time you entered a plea of not guilty to the other offense, not to this offense, is that right?

"Defendant: Yes, sir.

"The Court: Since that time you have been indicted in this Cause No. 66868, charging you with the offense of Passing as True a Forged Instrument * * *.

*    *    *    *    *    *

"The Court: Mr. Bancroft, I understood that you have been representing this young man on other matters before your appointment this morning, is that correct?

"Mr. Bancroft: Just on two indictments, your Honor."

Upon the trial court finding the appellant guilty and assessing his punishment at two years the trial was then continued pending a pre-sentence investigation and report.

When the trial was resumed on April 7, 1967, the following occurred:

"The Court: Mr. Watson, this Court has gone over your probation report and has gone over it very carefully, and in view of your past record and in view of the fact that there has been another charge against you, which was dismissed and, in view of the past history, this Court is going to deny your probation and sentence you to serve the term of two years."

The report of the pre-sentence investigation is not included in the record and its contents are not shown. The nature of the charge dismissed and the grounds for such dismissal are not shown.

The granting of probation resting solely within the discretion of the trial judge, it is concluded that, from the record, he did not abuse it in denying appellant probation.

The judgment is affirmed.