**UNITED STATES of America,**
**Appellee,**

v.

**Larry James TAYLOR, Appellant.**

**No. 26799.**

United States Court of Appeals,
Ninth Circuit.

Sept. 29, 1971.

Lawrence Wollason (argued), Tucson, Ariz., for appellant.

Patricia Whitehead, Asst. U. S. Atty., (argued), Richard K. Burke, U. S. Atty., William C. Smitherman, Asst. U. S. Atty., Tucson, Ariz., for appellee.

Before DUNIWAY and ELY, Circuit Judges, and BYRNE, District Judge.*

ELY, Circuit Judge:

While a deserter from the Marine Corps, Taylor was convicted of transporting a stolen vehicle in interstate commerce. 18 U.S.C. § 2312. The district judge placed Taylor on probation for eleven months and ordered him released into the custody of the Marine Corps. In addition to the ordinary conditions of probation, such as refraining from the violation of any federal, state, or local law, notifying the probation officer if arrested, and not leaving the jurisdiction without permission of the probation officer, the judge inserted the condition that if Taylor were released from the Marine Corps he should immediately contact the probation officer.

Four days after his release to the Marine Corps, Taylor again went absent without leave (AWOL). *See* 10 U.S.C. § 886. Nearly four months later he was arrested in Pennsylvania. Court martialed for both absences, he was given a bad conduct discharge and sentenced to six months military confinement. Upon his release from that confinement, he was taken into custody by the United States Marshal and delivered to the District Court for proceedings on a petition for revocation of his probation. The Court found that Taylor had violated the conditions of his probation because (1) in deserting the Marine Corps he had violated a federal law and (2) he had failed to report to his probation officer his change of address and his later arrest for being AWOL. The previous order granting probation was therefore rescinded. Taylor appealed, and the cause was remanded to the District Court for reconsideration. United States v. Taylor, 427 F.2d

711 (9th Cir. 1970). Taylor now appeals the denial of his motion for reconsideration, contending that he did not violate any of the probationary conditions. He argues that since being AWOL is a violation of military law, he did not violate any federal or state law and that he was not required to report to his probation officer while he was under the jurisdiction of the military. We have concluded that the arguments must be rejected.

[1] Probation is a matter of grace rather than right, and the granting or revoking of a period of probation are actions that especially rest within the discretion of the District Court. United States v. Johnson, 415 F.2d 1130 (9th Cir. 1969); Whitfield v. United States, 401 F.2d 480 (9th Cir. 1968), cert. denied, 393 U.S. 1026, 89 S.Ct. 630, 21 L. Ed.2d 570 (1969); Longknife v. United States, 381 F.2d 17 (9th Cir. 1967), cert. denied, 390 U.S. 926, 88 S.Ct. 859, 19 L. Ed.2d 987 (1968). Even so, we recognize that this discretion may not be arbitrarily or abusively applied. Here, the District Court released Taylor to the Marine Corps and fixed the probation period at eleven months, apparently so as to supply the Corps with an incentive to keep Taylor in the service, rather than to court-martial, confine, and discharge him for the first desertion. It is obvious that the Court was undertaking to help Taylor, for Taylor was told that if he were released from the Marine Corps before the expiration of eleven months, he was to report promptly to his probation officer and that it was highly probable that the Court would then extend his period of probation. Surely, the judge did not then envision that Taylor would attempt, by desertion, to sever himself from the military once, and so soon, again.

The Uniform Code of Military Justice, under which Taylor was convicted of being absent without leave, is a federal law. 10 U.S.C. § 101 *et seq.*

---

* Honorable William M. Byrne, Sr., United States District Judge, Los Angeles, California, sitting by designation.

While one can certainly hypothesize instances in which some violations of military law might not justify revocation of probation granted by the District Courts, such situations would fall under the discretionary control of the District Court in the first instance, with its discretionary exercise correctable if ultimately found to have been abusive. *Cf.* United States v. Chapel, 428 F.2d 472 (9th Cir. 1970). Here, the Court attempted, as we recognize, to aid Taylor's rehabilitation by releasing him to the military authorities rather than having him imprisoned. In finding that Taylor's having thereafter gone AWOL constituted a violation of the conditions of probation, the judge clearly did not abuse his discretion. We find it unnecessary to decide when and for what reasons Taylor might have been required to notify his probation officer prior to his release from military confinement.

Affirmed.