**Chester BASS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 46934.**

Court of Criminal Appeals of Texas.

Oct. 31, 1973.

Rehearing Denied Nov. 21, 1973.

James B. Turner, Eugene Chambers, Houston, for appellant.

Carol Vance, Dist. Atty., Bill Burge, Asst. Dist. Atty., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

This is an appeal from an order revoking probation.

On October 27, 1966, appellant was convicted of theft of filed papers, Art. 1427, Vernon's Ann.P.C., and punishment was assessed at seven years, probated. Probation was conditioned that appellant violate no law. On February 18, 1972, the trial court entered an order revoking probation, and finding that appellant had committed misdemeanor embezzlement.

Appellant's brief fails to comply with Art. 40.09, Sec. 9, Vernon's Ann.C.C.P., in that it fails to set forth each ground of error separately. However, one ground of error will be considered in the interest of justice.

Appellant contends his constitutional right not to be placed twice in jeopardy for the same offense was violated when the court revoked his probation on the same evidence heard by the same court in denying a prior motion to revoke, and con-

tinuing appellant on probation.[1] In denying the motion the court stated:

"All right. On the record presented to this Court, the Court is restrained to revoke the probation. The probation remains in effect under the same terms and conditions."

It appears that in February of 1970 the court heard and denied the State's First Amended Motion to Revoke Probation. At the subsequent hearing on February 18, 1972, the testimony adduced at the prior hearing was admitted in full without objection. In addition, the information, judgment and sentence, and mandate of affirmance in appellant's conviction for misdemeanor embezzlement were admitted into evidence.[2]

In Settles v. State, Tex.Cr.App., 403 S. W.2d 417, appellant contended the unsuccessful use of a charge of assault to murder in revocation proceedings constituted former jeopardy when he was later convicted for aggravated assault arising out of the same transaction. In affirming we held:

"The allegation in a motion to revoke probation that probationer has committed a particular offense when the motion is heard by the court does not constitute jeopardy and will not bar a subsequent prosecution for such offense. Especially is this true in the case at bar where the court declined to revoke probation."

In Barber v. State, Tex.Cr.App., 486 S. W.2d 352, where the State was allowed to amend its motion to revoke prior to the hearing, this Court stated:

"A hearing upon a motion to revoke probation is addressed to the trial court's discretion in determining whether the probation shall be revoked or continued. The result of such a hearing is neither conviction nor acquittal. [Citations omitted] Thus appellant's contention of jeopardy is without merit."

Finding no abuse of discretion, the judgment is affirmed.

March 31, 1971, after the first revocation hearing. Bass v. State, Tex.Cr.App., 464 S.W.2d 668.

---

1. Art. 42.12, Sec. 8, V.A.C.C.P.

2. Appellant's conviction for misdemeanor embezzlement was affirmed by this court on