Darrell Craig WESTER, Appellant,

v.

The STATE of Texas, Appellee.

No. 52542.

Court of Criminal Appeals of Texas.

Oct. 20, 1976.

Thomas P. Roebuck, Jr., Port Arthur, for appellant.

Tom Hanna, Dist. Atty. and Paul E. Naman, Asst. Crim. Dist. Atty., Beaumont, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This appeal is from an order revoking probation.

On original submission the appeal was dismissed for lack of notice of appeal. A supplemental transcript reflects that notice of appeal was timely given. The appeal is reinstated.

The question presented is whether a trial judge following a revocation hearing may continue a defendant on probation (although there is an adequate basis for revocation) and then subsequently upon report of another probationary violation revoke probation without motion by the State or a hearing basing the revocation upon the ground shown at the earlier hearing.

The record reflects that on January 22, 1975, the appellant entered a plea of guilty to forgery of a credit card sales slip and punishment was assessed at seven (7) years. Imposition of sentence was suspended and the appellant placed on probation subject to certain probationary conditions, including

"a. Commit no offense against the laws of this State or any other State or the United States."

1. In *Mitchell v. State*, 482 S.W.2d 221, 223 (Tex.Cr.App.1972), this court noted it had never held that it was mandatory to hear evidence at a revocation rehearing where the defendant states to the court that the allegations of the motion to revoke are "true" and this is particularly true where the defendant is represented by counsel, has been served with a copy of the motion to revoke and understands its allegations. This court observed though that it was far safer practice to hear evidence regardless of the plea as many a later question may be avoided.

On July 10, 1975, a motion to revoke probation was filed. On August 21, 1975, a first amended (a three count) motion to revoke was filed. The first count alleged appellant had violated his probation

"1) By committing the offense of unlawfully carrying weapons, in that on or about June 25, 1975, in Jefferson County, Texas, Darrell Craig Wester did then and there knowingly and intentionally carry on and about his person an illegal knife, namely: a knife with a blade over 5½ inches long, against the peace and dignity of the State."

On August 27, 1975, a hearing was conducted on such motion. The record reflects that the court informed the appellant of the first count or ground of the motion and inquired, "is that true or untrue."

"DEFENDANT: Yes, sir.

"THE COURT: True?

"DEFENDANT: Yes, sir."

The State then abandoned the other two counts in the revocation motion and without hearing evidence the court found "as a fact that the allegation contained in Ground One is true."[1] The State recommended the appellant be continued on probation. The court then stated: "The probation granted *will not* be revoked and defendant will be continued on probation. . . ." The terms of probation were amended.[2] On the order amending the probationary conditions are found the words "No Reduction if Revoked" and "Automatic Revocation if any other Violation."

The docket sheet entry on September 5, 1975, reflects, "Based on Allegations of New Theft, Capias to Issue Instanter, Probation Revoked. Def. to be Sentenced

2. The court altered the conditions of probation and imposed a new probationary condition that the appellant serve 30 days in jail. See Article 42.12, §§ 6 and 6b(a). The court gave appellant credit for the time he served pending the revocation hearing. It appears the court also eliminated the requirement that the appellant report monthly to the probation officer, apparently because there was also a condition that he report weekly.

Upon Arrest. . . . ." Such entry was signed by the trial judge.

On September 22, 1975, the appellant was brought to court, where the trial judge noted that appellant had been "continued" on probation on August 27, 1975. The record then reflects:

"The Court has just received information from the Probation Department, indicating Mr. Wester was involved in an attempted burglary on September first, nineteen-seventy-five.

"Has Mr. Hawthorn explained this to you, Mr. Wester?

"MR. WESTER: Yes, sir.

"THE COURT: Do you recall what happened on August twenty-seventh, when you were in here and everybody asked that you be given another chance in addition to the chances that you had before?

"MR. WESTER: Yes, sir.

"THE COURT: Probation granted in this case is revoked, and the defendant is sentenced to seven years in the penitentiary with credit for your jail time."

The docket sheet entry on the same date reflects, "Probation having been revoked Sept. 5, 1975, defendant duly sentenced to 7 years pen. credit for jail time of 1 month and 10 days." It was signed by the trial judge.

The written order revoking probation filed September 25, 1975, reflects that the basis of the revocation was the unlawfully carrying a knife, at which time appellant had been continued on probation.

It is clear that after appellant was continued on probation there was no further motion to revoke filed nor was there an additional evidentiary hearing.

■ It is well established that the fact of an arrest, standing alone, is not sufficient to support a revocation of probation based on a claim that probationer has violated a penal statute contrary to the conditions of his probation, and the mere fact that a formal complaint has also been filed does not change the rule. *Rutledge v. State*, 468 S.W.2d 802 (Tex.Cr.App.1971); *Spencer v. State*, 503 S.W.2d 557 (Tex.Cr.App.1974).

Clearly the court could not have properly revoked upon report of the commission of a new offense and probationer's arrest.

Article 42.12, § 8, Vernon's Ann.C.C.P., provides for the issuance of warrant and for the arrest of a probationer for violation of probationary conditions. After arrest, it provides in part:

"Thereupon, the court shall cause the defendant to be brought before it and after a hearing without a jury, *may either continue or revoke* the probation and, if probation is revoked, shall proceed to dispose of the case as if there had been no probation." (Emphasis Supplied.)

■ It is clear from the statute that upon a revocation hearing the discretion to either continue or revoke rests in the discretion of the trial judge. *Wise v. State*, 477 S.W.2d 578 (Tex.Cr.App.1972); *Soliz v. State*, 171 Tex.Cr.R. 376, 350 S.W.2d 566 (1961); *Gossett v. State*, 162 Tex.Cr.R. 52, 282 S.W.2d 59 (1955).

■ This discretion is not unlike the discretion granted the trial court in deciding whether to grant probation (when that issue is presented to the court rather than a jury). See Article 42.12, § 3, Vernon's Ann. C.C.P. The granting or refusing of probation in such cases lies within the discretion of the trial judge. See, e. g., *Watson v. State*, 418 S.W.2d 822 (Tex.Cr.App.1967); *Redd v. State*, 438 S.W.2d 565 (Tex.Cr.App. 1969); *Kerry v. State*, 452 S.W.2d 480 (Tex. Cr.App.1970); *Trautschold v. State*, 466 S.W.2d 586 (Tex.Cr.App.1971); *McNeese v. State*, 468 S.W.2d 800 (Tex.Cr.App.1971); *Flores v. State*, 487 S.W.2d 122 (Tex.Cr. App.1972); *Kirven v. State*, 492 S.W.2d 468 (Tex.Cr.App.1973); *Lee v. State*, 516 S.W.2d 151 (Tex.Cr.App.1974); *Trevino v. State*, 519 S.W.2d 864 (Tex.Cr.App.1975).

■ However, when probation has once been granted by the trial court, this court has repeatedly held probation should not be arbitrarily withdrawn by the trial court and the trial court is not authorized to revoke without having found that the probationer has violated a condition of his pro-

bation after a hearing in accordance with Article 42.12, § 8, Vernon's Ann.C.C.P. See *Wozencraft v. State,* 388 S.W.2d 426 (Tex. Cr.App.1965); *Campbell v. State,* 456 S.W.2d 918, 922 (Tex.Cr.App.1970); *Jackson v. State,* 464 S.W.2d 153 (Tex.Cr.App.1971). See also *United States v. Taylor,* 449 F.2d 117 (9th Cir. 1971). And the burden of proof in revocation proceedings to show a violation of a probationary condition is upon the State. See, e. g., *Zane v. State,* 420 S.W.2d 953 (Tex.Cr.App.1967); *Hulsey v. State,* 447 S.W.2d 165 (Tex.Cr.App.1969); *Perry v. State,* 459 S.W.2d 865 (Tex.Cr.App. 1970); *Campbell v. State,* supra, footnote # 1, although that proof is only by a preponderance of the evidence. *Scamardo v. State,* 517 S.W.2d 293 (Tex.Cr.App.1974). Cf. *Kelly v. State,* 483 S.W.2d 467 (Tex.Cr. App.1972).

■ Likewise, it follows that when a revocation proceeding has been had and the defendant continued on probation in the discretion of the court (although there was an adequate basis for revocation demonstrated at the hearing), the continuation cannot subsequently be arbitrarily withdrawn at the whim of the trial court or upon mere fact of an arrest. To hold otherwise would violate due process, due course of the law of the land[3] and fundamental fairness. The record here clearly supports the fact that the trial judge automatically revoked upon learning of a new arrest and erred in so doing.

We cannot conclude that the attempt in the formal revocation order to base the revocation on appellant's plea of "true" at the hearing where he was continued on probation calls for a different result.

The State relies upon *Sappington v. State,* 508 S.W.2d 840 (Tex.Cr.App.1974), and *Bass v. State,* 501 S.W.2d 643 (Tex.Cr. App.1973). Both of these cases are somewhat similar to the instant case, but are distinguishable.

In *Sappington* the court heard evidence at a revocation hearing on March 1, 1973, that the defendant had committed a burgla-

ry in December, 1972, in violation of his probationary conditions. At the conclusion of the hearing the court made no immediate ruling. An examination of the record in *Sappington* reflects the statement of facts is silent as to any ruling, and there was no docket entry or written order entered concerning the court's ruling. The defendant had requested the opportunity to undergo treatment with the United States Public Health Service under the Narcotic Addict Rehabilitation Act, 42 U.S.C. § 3413. Apparently because of this request no ruling was made. On June 4, 1973, the court entered a written order revoking probation for the violation (burglary) shown at the March 1st hearing. Sappington asserted the court entered such order because of his arrest on June 2, 1973, on a narcotics charge. There is, however, nothing in the *Sappington* record to show that the court had knowledge of the June 2nd arrest or if it had, had acted to revoke on the basis of that arrest. In the instant case, the court made a ruling and actually continued the appellant on probation, modifying conditions, and subsequently revoked upon learning of the latter arrest.

In *Bass v. State,* supra, the defendant was placed on probation in 1966 for seven years for theft of filed papers. On February 9, 1970, the court conducted a hearing on revocation motion charging him with the commission of misdemeanor embezzlement. At the conclusion of the hearing the court stated "on the record" before it the probation would be continued. Over two years later, on February 18, 1972, the court considered a subsequently filed motion charging the commission of the same misdemeanor embezzlement as alleged in the earlier motion. At the hearing on such motion the State introduced the evidence from the earlier revocation hearing and, in addition, introduced the information, judgment, sentence and mandate of affirmance relating to the defendant's conviction for misdemeanor embezzlement. Thereafter, the court revoked probation. Thus in *Bass* it appears that the court was not satisfied

**3.** See Article I, § 19, Texas Constitution.

that a probationary violation had been shown at the first hearing and continued the defendant on probation. After an additional motion had been filed and a hearing had which showed the finality of the embezzlement conviction, the court revoked. These facts distinguish *Bass* from the instant case since there was another revocation motion and hearing.

The judgment is reversed and cause remanded.

GUPTON, Judge (dissenting).

I cannot agree that *Sappington v. State*, 508 S.W.2d 840, and *Bass v. State*, 501 S.W.2d 643, are distinguishable from the instant case.

In *Sappington*, supra, probationer raised the question of denial of an evidentiary hearing on the charge which resulted in revocation of probation. Probationer was found to have violated the terms of his probation by commission of burglary. Probation was revoked three months later, after probationer had been arrested again. Probationer urged that the arrest, not the commission of burglary, precipitated revocation of his probation. This Court, in affirming the judgment, found that the record clearly revealed the revocation was based on commission of burglary as shown in the probation revocation hearing, not on the subsequent arrest.

The evidence in the case at bar reflects the court's revocation order rests on a finding that appellant did not follow the terms and conditions of his probation, although the decision as to when to effectuate that order was based on information which standing alone would not have supported the revocation order.

In the instant case, as in *Sappington*, the record shows appellant violated the terms and conditions of probation. Appellant concedes the August 27 proceeding complied with all constitutional requirements and there would have been no abuse of discretion had the trial court revoked appellant's

probation at that time. I cannot agree with appellant's position that the court must revoke probation immediately upon finding that the conditions of probation have been violated and may not subsequently revoke probation based on that finding. A hearing upon a motion to revoke probation is addressed to the trial court's discretion in determining whether the probation shall be revoked or continued.

The majority opinion distinguishes *Bass*, supra, on the basis that another motion to revoke probation was filed and another hearing was held. However, those events occurred two years after the original motion to revoke and hearing. To require the trial court in the instant case to entertain another motion to revoke and to conduct another hearing on the same allegation heard by the same judge the previous month would be to mandate a needlessly duplicitous act.

Art. 42.12, Sec. 6, V.A.C.C.P., authorizes the trial court to modify or alter the conditions of probation at any time during the period of probation. The court's action modifying the conditions of appellant's probation on August 27 did not nullify appellant's plea of true to the State's motion to revoke and the court's finding that appellant violated the terms of his probation. I would hold the court did not abuse its discretion in revoking appellant's probation and the court was not required to entertain another motion to revoke probation and conduct another hearing.

The judgment should be affirmed.

DOUGLAS, Judge (dissenting).

I concur in the opinion by Judge Gupton on the basis of *Sappington v. State*, 508 S.W.2d 840 (Tex.Cr.App.1974).[1]

The judgment should be affirmed.

---

1. The dissent in that case was because it followed *Ex parte Giles*, 502 S.W.2d 774 (Tex.Cr. App.1973), in holding that part of Section 6.01 of the Controlled Substances Act, Article 725f, V.A.P.C., Acts 1973, to be unconstitutional and this writer did not agree.