TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00614-CR







Charles Albert Brewer, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 119TH JUDICIAL DISTRICT


NO. CR91-0427-B, HONORABLE DICK ALCALA, JUDGE PRESIDING







PER CURIAM


 In 1991, appellant was convicted of driving while intoxicated, third offense. 
Punishment, enhanced by a previous conviction for aggravated sexual assault, was assessed at
imprisonment for ten years, probated. In July 1994, appellant's probation was revoked on the
State's motion and appellant was sentenced to imprisonment for ten years. This appeal followed.

 The district court found that appellant violated three of the conditions of his
probation. Appellant contends the evidence does not support these findings. 

 Daryl Krug is a Tom Green County probation officer. He testified that appellant
appeared at the probation office on April 7, 1994, in a highly intoxicated state. Both Krug and
appellant's supervising officer, Anita Nayfa, testified that appellant refused to submit to a
chemical breath test after being admonished that such refusal was a violation of the conditions of
his probation. Appellant argues that it was an abuse of discretion to revoke probation on this
basis because the "hostility of officer Krug towards Appellant is obvious throughout the record."

 We find no manifestation of hostility toward appellant in the testimony of either
probation officer. Their testimony is sufficient to support the district court's finding that appellant
violated the conditions of his probation by refusing a request for a breath analysis. Because the
evidence supports one of the violations found by the court, we need not determine the sufficiency
of the evidence with regard to the other violations. Moore v. State, 605 S.W.2d 924, 926 (Tex.
Crim. App. 1980). Point of error two is overruled.

 Appellant also contends the district court abused its discretion by failing to continue
him on probation. The decision whether to revoke or continue a defendant's probation after a
violation of the probationary conditions is committed to the essentially absolute discretion of the
trial court. Wester v. State, 542 S.W.2d 403, 405 (Tex. Crim. App. 1976). We find no reason
in this record to disturb the district court's decision to revoke appellant's probation. Point of
error three is overruled.

 Finally, appellant complains in point of error one that the order revoking probation
erroneously states that he waived his right to appeal from the order. The order revoking probation
is amended to delete the statement that appellant waived his right to appeal.

 As amended, the order revoking probation is affirmed.


Before Justices Powers, Kidd and B. A. Smith

Reformed and Affirmed

Filed: May 24, 1995

Do Not Publish