Affirmed and Memorandum Opinion filed December 30, 2004









Affirmed
and Memorandum Opinion filed December 30, 2004.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-03-01417-CR

_______________

 

SHINTON KHALIQUE CROSS, Appellant

 

V.

 

THE STATE
OF TEXAS, Appellee

______________________________________________________

 

On Appeal from the 23rd District Court

Brazoria County, Texas

Trial Court Cause No. 40,364

______________________________________________________

 

M E M O R A N D
U M   O P I N I O N

Appellant, Shinton Khalique Cross, appeals from the trial
court=s order revoking his community
supervision.  In his sole issue,
appellant contends the trial court erred in refusing to suppress the evidence
used against him at the revocation hearing. 
Because all dispositive issues are clearly settled in law, we issue this
memorandum opinion and affirm.  See Tex. R. App. P. 47.4. 








I.  Background

On August 26, 2002, appellant pled guilty to possession of a
controlled substance.  See Tex. Health & Safety Code Ann. ' 481.112 (Vernon 2003).  In accordance with a plea
agreement, the trial court sentenced appellant to a six year term of
imprisonment and a $4,000 fine, suspended imposition of the sentence, and
placed him on community supervision.

On October 13, 2003, appellant
was arrested during a traffic stop when the officer discovered appellant was in
possession of cocaine.  The State
subsequently filed a Petition for Revocation of Probated Sentence, alleging
appellant violated the terms of his community supervision by committing the
offense of possession of a controlled substance.  On November 13 and 14, 2003, the trial
court  held a contested revocation
hearing in which appellant pled Anot true@ to the
State=s
allegation and moved to suppress all evidence seized during the traffic stop. 

According to the evidence
introduced at the revocation hearing, Oyster Creek Police Officer Tim Bradberry
was on patrol on October 13, 2003, when he observed appellant drive through an
intersection as the light turned yellow. 
A second vehicle drove through the intersection after the light turned
red.  Officer Bradberry stopped the
second vehicle.  He recognized the driver
as the daughter of a local tow truck operator. 
The driver informed Officer Bradberry that appellant was Aswerving
all over the road,@ and that
she was trying to get his license plate number. 
The driver thought appellant might have been intoxicated.  Officer Bradberry gave a verbal warning to
the driver of the second vehicle and informed her that he would investigate
appellant=s erratic driving.  

Officer Bradberry caught up with
appellant and observed his car straddle the Afog line@ for
several seconds before pulling back into the lane.  Based on this observation and the information
provided by the driver of the other vehicle, Officer Bradberry decided to stop
appellant.








When Officer Bradberry approached appellant=s car, he smelled an odor that he
thought was marijuana and saw a cigar butt in the ashtray.  He testified that many marijuana users lace
their cigars with marijuana.  He asked
appellant to step out of the car and submit to a sobriety test.  He administered a sobriety test and
determined appellant was not intoxicated. He then obtained appellant=s verbal consent to search the
car.  Before searching the vehicle,
Officer Bradberry conducted a pat down search on appellant for weapons.  During the pat down search, Officer Bradberry
noticed what appeared to be a crack rock between appellant=s foot and the edge of his
sandal.  When Officer Bradberry reached
for the object, appellant turned and ran away. 
As appellant was running, Officer Bradberry saw appellant throw an
object, later discovered to be a plastic bag containing cocaine.

Officer Bradberry did not chase appellant, but instead
requested that a canine unit be sent to search the area.  While Officer Bradberry was waiting for the
canine unit, appellant walked back to the location of the traffic stop.  Appellant stated that he came back because he
did not want Officer Bradberry to take his money from the car.  Appellant was handcuffed and placed in the
back of a patrol car.

When the canine unit arrived, a search was initiated.  The officers located the plastic bag
containing cocaine that appellant had thrown down while running from Officer
Bradberry.  Inside appellant=s car, the officers found
approximately 1,000 small plastic bags, a large amount of cash, and a device
used to falsify drug tests known as a AWhizzinator.@ 


At the conclusion of the
revocation hearing, the trial court denied appellant=s motion
to suppress, found the allegation in the State=s
Petition to Revoke Probated Sentence to be Atrue,@ and
revoked appellant=s
community supervision.  Appellant brings
this appeal from the trial court=s order.

II.  Standards Of Review








This appeal involves overlapping standards of
review.  First, in reviewing the trial
court=s
decision to revoke community supervision, we must keep in mind that the trial
court possesses substantial discretion.  Webster
v. State, 542 S.W.2d 403, 405 (Tex. Crim. App. 1976).  Proof by a preponderance of the evidence that
a condition of community supervision has been violated is sufficient to support
the revocation.  See Cobb v. State,
851 S.W.2d 871, 873 (Tex. Crim. App. 1993).

Second,
we review the trial court=s suppression ruling for abuse of
discretion.  Balentine v. State,
71 S.W.3d 763, 768 (Tex. Crim. App. 2002). 
In our review, we give almost total deference to the trial court=s determination of historical facts
and mixed questions of law and fact that turn on
an evaluation of credibility an demeanor of witnesses.  Guzman v. State, 955 S.W.2d 85, 88B89 (Tex. Crim.
App. 1997).  However, we review questions of reasonable
suspicion and probably cause de novo. 
Id. at 87. 

III. 
Motion To Suppress

In
his sole issue, appellant contends the trial court erred in denying his motion
to suppress the evidence used against him at the revocation hearing.  Specifically, appellant contends that all
evidence seized as a result of the traffic stop should have been suppressed
because (1) the officer did not have reasonable suspicion to justify the
initial detention, and (2) the officer exceeded the scope of the detention.

A.        Initial Detention

Appellant first contends that the officer did not
have reasonable suspicion to justify the stop because the information from the
unnamed informant was not reliable and was not sufficiently corroborated.








A police officer may stop and briefly detain a person
for investigative purposes if, under the totality of the circumstances, the
officer has reasonable suspicion supported by articulable facts that the person
detained is, has been, or soon will be engaged in criminal activity.  Terry v. Ohio, 392 U.S. 1, 21B22, 88 S. Ct.
1868, 20 L. Ed. 2d 889 (1968); Woods v. State, 956 S.W.2d 33, 38 (Tex.
Crim. App. 1997).  Whether a detention is
reasonable under the totality of the circumstances turns upon the content and
reliability of the information possessed by the officer.  Alabama v. White, 496 U.S. 325, 330,
110 S. Ct. 2412, 110 L. Ed. 2d 301 (1990); State v. Sailo, 910 S.W.2d
184, 188 (Tex. App.CFort Worth 1995,
pet. ref=d).

A tip by an unnamed informant of undisclosed
reliability, standing alone, will rarely establish the requisite level of
suspicion necessary to justify an investigative detention.  State v. Garcia, 25 S.W.3d 908, 912B13 (Tex. App.CHouston [14th
Dist.] 2000, no pet.) (citing Florida v. J.L., 529 U.S. 266, 120 S. Ct.
1375, 1378, 146 L. Ed. 2d 254 (2000) (involving an anonymous tip).  However, there are situations in which a tip
from an unnamed informant may exhibit sufficient indicia of reliability to
justify the detention.  For example, the
reliability of a tip can be heightened to the point where an officer is
justified in making a detention when an informant places himself in a position
to be easily identified and held responsible for the information given.  See State v. Hawes, 125 S.W.3d 535,
538B540 (Tex. App.CHouston [1st
Dist.] 2002, no pet.).

Several Texas courts of appeals have held that an
informant=s tip is
sufficiently reliable to justify a detention when the informant presents
himself to an officer while driving a vehicle through which his identity might
be easily traced, and thus, the informant can be held accountable for the
information provided.  Hawes, 125
S.W.3d at 540 (upholding detention based upon report from wrecker driver who
was following erratic driver); Fudge v. State, 42 S.W.3d 226, 232
(Tex. App.CAustin 2001, no
pet) (upholding detention based upon cab driver=s unsolicited
personal report to officer about erratic driving); Sailo, 910 S.W.2d at
189 (upholding stop based on a report personally given to officer even though
informant drove away before being identified). 
While appellant acknowledges these cases, he contends that the informant=s tip in this case
does not deserve the same weight because the informant did not voluntarily
come forward with the information she provided. 
We disagree.








As in Fudge, Sailo, and Hawes,
the informant in the present case was easily identifiable, and therefore, could
be held responsible if the information she provided proved to be
fabricated.  Not only was the informant
driving a vehicle that could be easily traced, but Officer Bradberry also
recognized the informant as the daughter of a local tow truck operator.  Further, the information provided was precise
relative to the time of the criminal activity and specific about the kind of
criminal activity.  See Fudge, 42
S.W.3d at 232 (holding indicia of reliability was that information given was Aneither imprecise
about the time of the criminal activity nor vague about the kind of criminal
activity@).  Moreover, in a totality of circumstances
analysis, corroboration of any information related by the informant increases
the reliability of the information.  Pipkin
v. State, 114 S.W.3d 649, 654 (Tex. App.CFort Worth 2003,
no pet.); Sailo, 910 S.W.2d at 188. 
In this case, Officer Bradberry corroborated the informant=s tip when he saw
appellant=s vehicle straddle
the Afog line@ for several
seconds before pulling back into the lane.[1]  

Based on the totality of these
circumstances, we find there was sufficient factual basis for a reasonable
suspicion to justify the investigative detention.  See Garcia, 25 S.W.3d at 913B14 (holding that
reliability of the informant=s tip, combined with the officer=s subsequent corroboration of details, provided reasonable
suspicion for investigative detention).

B.        Scope of Detention

Appellant further contends, without citation to authority, that
Officer Bradberry exceeded the scope of the initial detention.  Specifically, appellant claims the encounter
should have been terminated after Officer Bradberry administered the sobriety
test and determined appellant was not intoxicated.  








An investigative detention must be temporary and last no longer
than is necessary to carry out the purpose of the stop.  Florida v. Royer, 460 U.S. 491, 500,
103 S. Ct. 1319, 75 L. Ed. 2d 229 (1983); Davis v. State, 947 S.W.2d
240, 243 (Tex. Crim. App. 1997).  Once
the reason for detention has been satisfied, the stop may not be used as a
fishing expedition for unrelated criminal activity.  Ohio v. Robinette, 519 U.S. 33, 41,
117 S. Ct. 1319, 136 L. Ed. 2d 347 (1996) (Ginsburg, J., concurring); Davis,
947 S.W.2d at 243.  However, if an
officer develops reasonable suspicion to believe that another offense is being
committed before concluding an investigative detention, further detention is
justified.  Davis, 947 S.W.2d at
244B45; Powell v. State,
5 S.W.3d 369, 377 (Tex. App.CTexarkana 1999, pet. ref=d).

In this case, Officer Bradberry initially stopped appellant to
investigate whether appellant was driving while intoxicated.  However, during the traffic stop, Officer
Bradberry smelled an odor he thought was marijuana and observed a cigar butt
that he knew from experience is commonly laced with marijuana.  Thus, when Officer Bradberry completed the
sobriety test, it was reasonable for him to continue the detention to
investigate appellant=s possible possession of
marijuana.  See Mohmed v. State,
977 S.W.2d 624, 628 (Tex. App.CFort Worth 1998, pet. ref=d) (holding smell of
marijuana gave the officer reasonable suspicion to continue to detain driver
for investigation of drug possession). 
Accordingly, we hold that appellant=s detention following the
sobriety test was a lawful extension of Officer Bradberry=s criminal investigation.

Additionally, an officer may request consent to search a vehicle
after the purpose of the  traffic stop
has been accomplished as long as it is reasonable under the circumstances and
the officer does not convey a message that compliance with the officer=s request is
required.  Leach v. State, 35
S.W.3d 232, 235B36 (Tex. App.CAustin 2000, no
pet.).  Here, following the sobriety
test, Officer Bradberry requested and obtained appellant=s consent to search the
car.  There is nothing in the record to
indicate that Officer Bradberry conveyed a message that compliance with the
request was required.  Therefore, even
assuming Officer Bradberry did not have reasonable suspicion of criminal
activity following the sobriety test, the detention was lawfully extended when
appellant gave consent to search.








We overrule appellant=s sole issue and affirm
the judgment of the trial court.

 

/s/        Charles W. Seymore

Justice

 

Judgment
rendered and Memorandum Opinion filed December 30, 2004.

Panel
consists of Chief Justice Hedges and Justices Fowler and Seymore.

Do
Not Publish C Tex. R. App. P. 47.2(b).

 

 











[1]  Appellant
cites Hernandez v. State, 983 S.W.2d 867 (Tex. App.CAustin 1998, pet. ref=d) as
authority that a vehicle crossing a lane marker a single time does not support
a reasonable suspicion that a driver is intoxicated.  However, Hernandez is distinguishable
because in that case the officer stopped the vehicle based solely upon
the fact that the vehicle crossed the lane marker.  See id. at 868.