

# NUMBER 13-08-00244-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

ELIBERTO GARZA,                                                                Appellant,

v.

THE STATE OF TEXAS,                                                          Appellee.

On appeal from the 214th District Court of Nueces County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Yañez and Benavides**
**Memorandum Opinion by Justice Benavides**

After a revocation hearing, the trial court revoked Appellant, Eliberto Garza's, deferred adjudication community supervision, adjudicated his guilt, and sentenced him to serve two, concurrent, thirty-year terms in prison. Garza raises two issues on appeal. We affirm.

## I. Background

On August 24, 2006, Garza was indicted on two counts of sexual assault of a child younger than the age of fourteen. *See* TEX. PENAL CODE ANN. § 22.021 (Vernon Supp. 2008). On October 16, 2006, Garza pleaded guilty to both counts. Pursuant to a plea agreement, the trial court deferred adjudication and placed Garza on community supervision. *See* TEX. CODE CRIM. PRO. ANN. art. 42.12 (Vernon Supp. 2008).

On September 17, 2007, the State filed a motion to revoke Garza's community supervision and to adjudicate his guilt. The State alleged Garza violated several conditions of his community supervision by using narcotics, failing to report to his supervisor, and failing to pay the required fees. On April 7, 2008, the trial court held a hearing on the State's motion. Garza answered "true" to the allegations, and the trial court revoked his community supervision, adjudicated him guilty, and sentenced him to serve two concurrent thirty-year terms in prison. This appeal ensued.

## II. Insufficient Evidence to Adjudicate Guilt

In his first issue, Garza asserts that the "trial court abused its discretion when it adjudicated the defendant's guilt and imposed a thirty year [sic] sentence to the [Texas Department of Criminal Justice-Institutional Division] without considering substance abuse treatment." Rephrased, Garza argues that the evidence is insufficient to support revocation and that the trial court failed to consider placing him in a substance abuse felony punishment facility.

We review the revocation of community supervision under an abuse of discretion standard. *Herrera v. State*, 951 S.W.2d 197, 199 (Tex. App.–Corpus Christi 1997, no pet.) (citing *Wester v. State*, 542 S.W.2d 403, 405 (Tex. Crim. App. 1976)). We review the

2

evidence in the light most favorable to the trial court's decision. *Id.* The State has the burden to prove, by a preponderance of the evidence, the violations alleged in its motion for revocation. *Jones v. State*, 112 S.W.3d 266, 268 (Tex. App.–Corpus Christi 2003, no pet.). "Pleas of true, standing alone, support revocation of community supervision." *Id.* (citing *Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. [Panel Op.] 1979); *Rivera v. State*, 688 S.W.2d 659, 660 (Tex. App.–Corpus Christi 1985, no pet.)); *see also Grant v. State*, No. 13-08-00424-CR, 2009 WL 1361701, at *1 (Tex. App.–Corpus Christi Mar. 5, 2009, pet. struck) (mem. op., not designated for publication).

At the revocation hearing, Garza answered "true" to the allegations in the motion to revoke. Additionally, Garza specifically admitted using narcotics, failing to report, and failing to pay the required fees, all in violation of his community supervision. Viewing the evidence in the light most favorable to the trial court's decision, we conclude that the evidence is sufficient to support revocation. *See Jones*, 112 S.W.3d at 268.

## A. Predetermined Sentence

In a subissue, Garza contends that the trial court failed to consider the full range of punishment. Due process requires that the trial court consider the full range of punishment for an offense, to consider the evidence, and not to merely render a predetermined sentence. *Howard v. State*, 830 S.W.2d 785, 787 (Tex. App.–San Antonio 1992, pet. ref'd). However, in order to preserve this complaint for our review, Garza must show that he made a timely request, objection, or motion to the trial court. TEX. R. APP. P. 33.1.; *see Hull v. State*, 67 S.W.3d 215, 218 (Tex. Crim. App. 2002). The record indicates that Garza

3

failed to do so; therefore, he did not preserve this subissue for appellate review.[1]  *Hull*, 67 S.W.3d 218.

## B.    "Enrage the Court"

Garza raises another subissue claiming that "the State failed to meet its burden by a preponderance of the evidence and purposely brought up the underlying offense to enrage the court which should have continued him on community supervision." Garza cites no case law nor makes any reference to the record to substantiate this assertion, therefore he has not properly presented this issue for our review.  *See* TEX. R. APP. P. 38.1(i); *City of Corpus Christi v. Taylor*, 126 S.W.3d 712, 719 n.4 (Tex. App.–Corpus Christi 2004, pet. withdrawn).  We overrule Garza's first issue.

---

[1] We note that in *Hernandez v. State*, we held that a defendant has an absolute right to an impartial judge during sentencing, and that "a defendant may complain for the first time on appeal about a trial court's refusal (i.e., lack of impartiality) to consider the full range of punishment—so long as the trial judge's conduct is so egregious as to deem the judge biased on the matter of punishment." 268 S.W.3d 176, 178 (Tex. App. –Corpus Christi 2008, no pet.).  Garza does not argue that the trial court's conduct was so egregious as to indicate bias in the matter of punishment.  *See, e.g., id.* (holding that bias exists where trial court summarily doubled the prior sentence).  Garza asserts that the trial court should have considered "his current circumstances," and that "the trial court failed to consider placement at a substance abuse felony punishment center."  The record does not indicate that Garza actually made this request to the trial court.  Actually, in response to questioning from his attorney, Garza admitted that he understood that "the Court is limited on what he can do with you," and "that there [are] very little options available for any kind of drug rehab" as a condition of probation.  Additionally, while admonishing Garza regarding his rights in the revocation hearing, the trial court stated:

> If I find that you have violated terms and condition [sic] of your probation [sic] several things I can do.  One, I can leave it the way it is, do nothing.  I could sanction you or I could revoke your probation and send you to the Texas Department of Criminal Justice Institutional Division for a period of up to life and assess $10,000 on each count.

"Based on the evidence presented," the trial court adjudicated Garza's guilt and pronounced the sentence.  While the trial court knew the sentences could run consecutively, it ordered the sentences to run concurrently.  "In the absence of a clear showing to the contrary, a reviewing court will presume that the trial court was neutral and detached." *Jaenicke v. State*, 109 S.W.3d 793, 796 (Tex. App.–Houston [1st Dist.] 2003, pet. ref'd).  Therefore, Garza's failure to object is not excused by *Hernandez*.

## III. GROSS DISPROPORTIONALITY

In his second issue, Garza argues, "[t]he trial court's thirty year [sic] sentence violated the defendant's Eight Amendment right against cruel and unusual punishment." The permissible sentence range for aggravated sexual assault is five years to ninety-nine years. *See* TEX. PENAL CODE ANN. § 12.32 (Vernon 2003) (providing the sentence for first-degree felonies); *id.* § 22.021 (making the sexual assault of a child a first-degree felony). The trial court sentenced Garza to two terms of thirty years' imprisonment to run concurrently.

To preserve this complaint for our review, Garza must have made a timely objection, motion, or request to the trial court. TEX. R. APP. P. 33.1.; *see Hull,* 67 S.W.3d at 218. At the time the trial court pronounced the sentence, Garza did not object or make any requests or motions regarding the sentencing. We conclude, therefore, that Garza has waived this complaint. We overrule Garza's second issue on appeal.

## IV. CONCLUSION

Having overruled both of Garza's issues, we affirm the judgment of the trial court.

_____
GINA M. BENAVIDES,
Justice

Do not publish.
See TEX. R. APP. P. 47.2(b)

Memorandum Opinion delivered and
filed this the 28th day of August, 2009.

5