NUMBER 13-08-00244-CR


 

COURT OF APPEALS


 

THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


ELIBERTO GARZA, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 214th District Court of Nueces County, Texas.


 


MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Yañez and Benavides


Memorandum Opinion by Justice Benavides



 After a revocation hearing, the trial court revoked Appellant, Eliberto Garza's,
deferred adjudication community supervision, adjudicated his guilt, and sentenced him to
serve two, concurrent, thirty-year terms in prison. Garza raises two issues on appeal. We
affirm.

I. Background


 On August 24, 2006, Garza was indicted on two counts of sexual assault of a child
younger than the age of fourteen. See Tex. Penal Code Ann. § 22.021 (Vernon Supp.
2008). On October 16, 2006, Garza pleaded guilty to both counts. Pursuant to a plea
agreement, the trial court deferred adjudication and placed Garza on community
supervision. See Tex. Code Crim. Pro. Ann. art. 42.12 (Vernon Supp. 2008). 

 On September 17, 2007, the State filed a motion to revoke Garza's community
supervision and to adjudicate his guilt. The State alleged Garza violated several conditions
of his community supervision by using narcotics, failing to report to his supervisor, and
failing to pay the required fees. On April 7, 2008, the trial court held a hearing on the
State's motion. Garza answered "true" to the allegations, and the trial court revoked his
community supervision, adjudicated him guilty, and sentenced him to serve two concurrent
thirty-year terms in prison. This appeal ensued.

II. Insufficient Evidence to Adjudicate Guilt


 In his first issue, Garza asserts that the "trial court abused its discretion when it
adjudicated the defendant's guilt and imposed a thirty year [sic] sentence to the [Texas
Department of Criminal Justice-Institutional Division] without considering substance abuse
treatment." Rephrased, Garza argues that the evidence is insufficient to support
revocation and that the trial court failed to consider placing him in a substance abuse
felony punishment facility. 

 We review the revocation of community supervision under an abuse of discretion
standard. Herrera v. State, 951 S.W.2d 197, 199 (Tex. App.-Corpus Christi 1997, no pet.)
(citing Wester v. State, 542 S.W.2d 403, 405 (Tex. Crim. App. 1976)). We review the
evidence in the light most favorable to the trial court's decision. Id. The State has the
burden to prove, by a preponderance of the evidence, the violations alleged in its motion
for revocation. Jones v. State, 112 S.W.3d 266, 268 (Tex. App.-Corpus Christi 2003, no
pet.). "Pleas of true, standing alone, support revocation of community supervision." Id.
(citing Cole v. State, 578 S.W.2d 127, 128 (Tex. Crim. App. [Panel Op.] 1979); Rivera v.
State, 688 S.W.2d 659, 660 (Tex. App.-Corpus Christi 1985, no pet.)); see also Grant v.
State, No. 13-08-00424-CR, 2009 WL 1361701, at *1 (Tex. App.-Corpus Christi Mar. 5,
2009, pet. struck) (mem. op., not designated for publication).

 At the revocation hearing, Garza answered "true" to the allegations in the motion to
revoke. Additionally, Garza specifically admitted using narcotics, failing to report, and
failing to pay the required fees, all in violation of his community supervision. Viewing the
evidence in the light most favorable to the trial court's decision, we conclude that the
evidence is sufficient to support revocation. See Jones, 112 S.W.3d at 268.

 A. Predetermined Sentence

 In a subissue, Garza contends that the trial court failed to consider the full range of
punishment. Due process requires that the trial court consider the full range of punishment
for an offense, to consider the evidence, and not to merely render a predetermined
sentence. Howard v. State, 830 S.W.2d 785, 787 (Tex. App.-San Antonio 1992, pet.
ref'd). However, in order to preserve this complaint for our review, Garza must show that
he made a timely request, objection, or motion to the trial court. Tex. R. App. P. 33.1.; see
Hull v. State, 67 S.W.3d 215, 218 (Tex. Crim. App. 2002). The record indicates that Garza
failed to do so; therefore, he did not preserve this subissue for appellate review. (1)
 Hull, 67
S.W.3d 218.

 B. "Enrage the Court"

 Garza raises another subissue claiming that "the State failed to meet its burden by
a preponderance of the evidence and purposely brought up the underlying offense to
enrage the court which should have continued him on community supervision." Garza cites
no case law nor makes any reference to the record to substantiate this assertion, therefore
he has not properly presented this issue for our review. See Tex. R. App. P. 38.1(i); City
of Corpus Christi v. Taylor, 126 S.W.3d 712, 719 n.4 (Tex. App.-Corpus Christi 2004, pet.
withdrawn). We overrule Garza's first issue.


III. Gross Disproportionality


 In his second issue, Garza argues, "[t]he trial court's thirty year [sic] sentence
violated the defendant's Eight Amendment right against cruel and unusual punishment." 
The permissible sentence range for aggravated sexual assault is five years to ninety-nine
years. See Tex. Penal Code Ann. § 12.32 (Vernon 2003) (providing the sentence for first-degree felonies); id. § 22.021 (making the sexual assault of a child a first-degree felony). 
The trial court sentenced Garza to two terms of thirty years' imprisonment to run
concurrently.

 To preserve this complaint for our review, Garza must have made a timely objection,
motion, or request to the trial court. Tex. R. App. P. 33.1.; see Hull, 67 S.W.3d at 218. At
the time the trial court pronounced the sentence, Garza did not object or make any
requests or motions regarding the sentencing. We conclude, therefore, that Garza has
waived this complaint. We overrule Garza's second issue on appeal.

IV. Conclusion


 Having overruled both of Garza's issues, we affirm the judgment of the trial court.


 __________________________

 GINA M. BENAVIDES,

 Justice


Do not publish.

See Tex. R. App. P. 47.2(b)


Memorandum Opinion delivered and 

filed this the 28th day of August, 2009.

1. We note that in Hernandez v. State, we held that a defendant has an absolute right to an impartial
judge during sentencing, and that "a defendant may complain for the first time on appeal about a trial court's
refusal (i.e., lack of impartiality) to consider the full range of punishment--so long as the trial judge's conduct
is so egregious as to deem the judge biased on the matter of punishment." 268 S.W.3d 176, 178 (Tex. App.
-Corpus Christi 2008, no pet.). Garza does not argue that the trial court's conduct was so egregious as to
indicate bias in the matter of punishment. See, e.g., id. (holding that bias exists where trial court summarily
doubled the prior sentence). Garza asserts that the trial court should have considered "his current
circumstances," and that "the trial court failed to consider placement at a substance abuse felony punishment
center." The record does not indicate that Garza actually made this request to the trial court. Actually, in
response to questioning from his attorney, Garza admitted that he understood that "the Court is limited on
what he can do with you," and "that there [are] very little options available for any kind of drug rehab" as a
condition of probation. Additionally, while admonishing Garza regarding his rights in the revocation hearing,
the trial court stated:


 If I find that you have violated terms and condition [sic] of your probation [sic] several things
I can do. One, I can leave it the way it is, do nothing. I could sanction you or I could revoke
your probation and send you to the Texas Department of Criminal Justice Institutional
Division for a period of up to life and assess $10,000 on each count. 


 "Based on the evidence presented," the trial court adjudicated Garza's guilt and pronounced the
sentence. While the trial court knew the sentences could run consecutively, it ordered the sentences to run
concurrently. "In the absence of a clear showing to the contrary, a reviewing court will presume that the trial
court was neutral and detached." Jaenicke v. State, 109 S.W.3d 793, 796 (Tex. App.-Houston [1st Dist.]
2003, pet. ref'd). Therefore, Garza's failure to object is not excused by Hernandez.