

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-13-00101-CR

JOSHUA ALEXANDER HENRY, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 6th District Court
Lamar County, Texas
Trial Court No. 23736

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

## MEMORANDUM OPINION

Joshua Alexander Henry appeals from the revocation of his community supervision and the final adjudication of his guilt. Originally, Henry's conviction for evading arrest with a motor vehicle was deferred, and he was placed on community supervision for four years. The State filed motions to revoke his community supervision and adjudicate him based on failure to pay various fees, failure to report, and failure to complete community service work. After a hearing, the trial court revoked Henry's community supervision, adjudicated him guilty of evading arrest with a motor vehicle, and sentenced him to twenty-four months in a state jail facility. We find the evidence sufficient to support the allegation that he had not reported as required by the conditions of community supervision and affirm the judgment of the trial court.

## I.     Untimely Challenges

Henry contends that two conditions of his community supervision are so vague and indefinite that they are unenforceable. One requires him to "report in person as scheduled to the Community Supervision and Corrections Department (CSCD) of Lamar County, or the county in which you are permitted to reside." The other requires him to "[p]erform 300 hours of Community Service Restitution (CSR) work and complete a CSR orientation within 30 days of the date of this order, and abide by all rules of the CSR program."

These challenges should have been raised by a timely appeal after Henry was placed on community supervision, not after his community supervision was revoked. An appeal may be taken at the time a defendant is placed on community supervision. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 23(b) (West Supp. 2013). Henry waived his challenges to the conditions of

community supervision by failing to appeal after being placed on community supervision. *Leach v. State*, 170 S.W.3d 669, 676 (Tex. App.—Fort Worth 2005, pet. ref'd) (citations omitted). Because Henry's argument on this point was not timely appealed, we lack jurisdiction to address it now.

## II.      Sufficiency of the Evidence

Henry also argues that the evidence is insufficient to support the trial court's determination that he violated various terms of his community supervision. Sufficient grounds for a revocation order exist if any violation of community supervision is properly shown. *Garcia v. State*, 387 S.W.3d 20, 27 (Tex. Crim. App. 2012).

Our review of an order revoking community supervision is limited to determining whether the trial court abused its discretion. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). In a community supervision revocation hearing, although the revocation decision rests within the discretion of the trial court, that discretion is not absolute. *Wester v. State*, 542 S.W.2d 403, 405 (Tex. Crim. App. 1976); *Scamardo v. State*, 517 S.W.2d 293, 297 (Tex. Crim. App. 1974). The trial court is not authorized to revoke community supervision without a showing, by a preponderance of the evidence, that the defendant has violated a condition of the community supervision imposed by the court. *DeGay v. State*, 741 S.W.2d 445, 449 (Tex. Crim. App. 1987); *Cardona*, 665 S.W.2d at 493.

The State argues that sufficient evidence supports each allegation. In this case, there is evidence that Henry failed to report to the community supervision department. The supervising

3

community supervision officer, Danny Taylor, testified that he had been Henry's officer since October 7, 2011. According to Taylor, Henry failed to report "probably five times" in the first year. Since December 2012, until the date of hearing, May 20, 2013, he had not reported at all. Henry acknowledged that he did not report to the community supervision office from December 2012 through the next April, but testified that he was hurt. It is the function of the trial court to determine the credibility of the witnesses and resolve any conflicts in the evidence. The preponderance of the evidence is sufficient to support the allegation of failure to report and, therefore, sufficient to support the revocation. We cannot find that the trial court abused its discretion in finding Henry violated the terms of his community supervision.

## III.    Hearsay Objection

Henry also contends that the trial court erred by admitting hearsay over his objection. He complains about testimony by Taylor. Over objection, Taylor testified about Henry's behavior on community supervision before Taylor began handling his case. Henry's specific complaint is that without the admission of the community supervision file into evidence, the officer's testimony (except for the officer's personal knowledge of Henry's failures to report after the officer began handling his case) was hearsay. But the record shows that the community supervision file was admitted into evidence. We overrule this point of error.

4

We affirm the judgment of the trial court.


Jack Carter
Justice

Date Submitted:     November 20, 2013
Date Decided:       November 21, 2013

Do Not Publish

5