ACCEPTED
03-13-00509-CR
6859841
THIRD COURT OF APPEALS
AUSTIN, TEXAS
9/10/2015 9:49:48 AM
JEFFREY D. KYLE
CLERK

No. 03-13-00509-CR

# IN THE COURT OF APPEALS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
9/10/2015 9:49:48 AM
JEFFREY D. KYLE
Clerk

# FOR THE THIRD JUDICIAL DISTRICT

## TERRY ATKINS
## vs.
## STATE OF TEXAS

## APPELLANT'S MOTION FOR REHEARING

**Amber Vazquez Bode**
**Attorney at Law**
**State Bar No. 24039225**
**1004 West Ave.**
**Austin, Texas 78701**
**(512) 220-8507 (office)**
**(512) 917-3676 (cell)**
**(512) 480-0760 (fax)**

**ATTORNEY FOR APPELLANT**

TO THE HONORABLE COURT OF APPEALS:

COMES NOW, Appellant Terry Atkins, who files this Motion for Rehearing, and respectfully asks this Court to revise its judgment in Cause Number 03-13-00509-CR only.

## I. GROUND FOR REHARDING

The Court of Appeals decision should be reconsidered because it is based on the premise that there were other reasons to revoke Appellant's community supervision, such as a missed home visit, various supervision fees and charging a GPS monitor, however, those reasons had been waived by the State.

## II. ARGUMENT AND AUTHORITIES

The Third Court of Appeals held that even one violation will support the decision to adjudicate, and that "[t]he trial court expressly based its decision on its finding that the allegations concerning the failure to allow the home visit and the failure to participate in the GPS program were true." A decision based on those two violations should be reconsidered because the State waived the violations regarding the home visit and GPS, stating,

"First of all I'd like to say that I believe the first- certainly the

first six allegations in the motion to adjudicate really have very little- it sounds like Mr.- even the probation officer believed that, you know, he was having a hard time with his money, things like that. Maybe the home visit thing has been explained." The State went on to argue, "No. 7 is the failure to participate in the Global Positioning system, not charging you phone for two days. It sounds like it might have been an inadvertence, too. It doesn't sound like anybody was hurt as a result of that. The main thing the State is proceeding on in this case is this criminal offense on February 22nd." (RR pg. 130).

Courts of Appeal have recognized that the liberty of a probationer is protected by the due process and due course of law provisions of the constitution. *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); *Wester v. State*, 542 S.W.2d 403 (Tex.Cr.App.1976). This is because his liberty, although indeterminate, includes many of the core values of unqualified liberty, such as freedom to be with family and friends, freedom to form other enduring attachments of normal life, freedom to be gainfully employed, and freedom to function as a responsible and self-reliant person. *Morrissey v. Brewer*, 408 U.S. 471, 482, 92 S.Ct. 2593 2600, 33 L.Ed.2d 484 (1972).

In the current case, Appellant maintains that the evidence of the third degree felony of Retaliation was insufficient, and was subsequently dismissed after the hearing. The trial court erred by making affirmative findings that Appellant violated terms of community supervision, specifically failure to allow a home visit and failure to participate in the GPS monitoring program, both of which had been expressly waived by the State. The State made a clear argument to the trial court that their basis for pursuing a Motion to Adjudicate was the subsequent Retaliation charge. Therefore, the Court's decision which was based exclusively on the same violations that were waived, and did not address the sufficiency of the evidence on the Retaliation charge should be reconsidered.

## PRAYER

Wherefore, the Appellant prays that the Appellant's Motion for Rehearing be granted.

/s/ Amber Vazquez Bode
AMBER VAZQUEZ BODE
Attorney for Appellant
State Bar No. 24039225
1004 West Ave.
Austin, Texas 78701
PH: 512-220-8507
FAX: 512-480-0760
amberv@lawyers.com

## CERTIFICATE OF COMPLIANCE

I hereby certify that, pursuant to Rule 9.4 of the Texas Rules of Appellate Procedure, Appellant's Motion for Rehearing contains 725 words according to the computer generated program Microsoft Word.

/s/Amber Vazquez Bode
Amber Vazquez Bode

## CERTIFICATE OF SERVICE

I hereby certify that on September 9, 2015, a true and correct copy of the Appellant's Motion for Rehearing was sent to the following counsel by eservice:

The Honorable Lisa C. McMinn
State Prosecuting Attorney
P.O. Box 13046
Austin, TX 78711

The Honorable Velva L. Price
Criminal District Clerk
P.O. BOX 1748
Austin, TX 78767

Ms. Kathryn A. Scales
Assistant District Attorney
PO Box 1748
Austin, TX 78767-1748

/s/ Amber Vazquez Bode
Amber Vazquez Bode